AARON THOMAS *v.* JONATHAN DIKE.

When an infant makes a contract with an adult to serve for a year, and quits before he has performed the whole service, he *is* entitled to recover what his services are reasonably worth, taking into consideration the injury to the other party; and if, under all the circumstances, his services are worth nothing, he cannot recover.

An infant may sue by *prochein ami* in this state, notwithstanding he has a guardian, if the guardian does not dissent.

THIS was an action of book account. The plaintiff was an infant, under guardianship, and sued by *prochein ami*. The defendant pleaded, in abatement, that the suit should have been brought in the name of the guardian. The county court adjudged the plea insufficient, and the defendant excepted.

After judgment to account, auditors were appointed, who reported that the plaintiff's account accrued for services rendered by him for the defendant under a contract to work for a year, each party reserving to himself the right, upon becoming dissatisfied during the term, to determine the contract; that the plaintiff, afterwards, on being requested by the plaintiff to make his election whether he would serve out the full term, elected so to do; that the compensation agreed upon was reasonable; that the plaintiff, afterwards, and before the expiration of the term, and without reasonable cause, left the defendant's employment, and that the damages to the defendant, in consequence of plaintiff's leaving him, exceeded the balance claimed by the plaintiff for his labor; that the plaintiff was permitted by his guardian to contract for himself, and that the guardian had assented to the contract in question. Under these circumstances, the auditors reported that there was nothing due from the defendant to the plaintiff to balance book accounts, on the ground that the damages sustained by the plaintiff as aforesaid ought to be offset against the plaintiff's claim for his services.

The county court accepted the report of the auditors, and rendered judgment that the defendant recover his costs; to which the plaintiff excepted.

*S. Foot*, for plaintiff.

A minor may sue either by guardian or by *prochein ami*. Reeve's Dom. Rel. 264. Edwards on parties, 195.

I. As a general rule a minor is not bound by his contracts, and in this case the plaintiff is entitled to recover for his services, and is, at all events, entitled to nominal damages, even though his abandonment of the defendant's service operated as an injury to the defendant greater than the value of the plaintiff's labor. *Abell* v. *Warner*, 4 Vt. R. 149. *Chilson* v. *Philips*, 1 Vt. R. 41.

II. There were two separate and distinct contracts, and the plaintiff is surely entitled to recover for that portion of his services which were rendered under the first contract.

*P. Smith*, for defendant.

I. The contract made by the plaintiff with the defendant is binding on the former, and cannot be avoided on the ground of infancy.

1. It is competent for an infant to bind himself upon a contract for necessaries, and, *a fortiori*, on a contract to serve and labor for another when the contract is equitable, and for the benefit of the infant.

2. It furnishes him with the means of paying for his necessaries.

3. If the infant was not bound by his contract to serve, it would be difficult for him to find employment, and he would be compelled to live in idleness and be exposed to all its attendant vices. Reeve's Dom. Rel. 228, 229. *Evelyn* v. *Chichester*, 3 Burr. R. 1717.

2. An infant is compellable to go out to work by his guardian or the overseers of the poor, and if, without compulsion, he makes a contract to serve, and it is not unequal or disadvantageous, can he rescind it? An infant, being joint tenant or tenant in common, may make partition, or, being mortgagee, may reconvey upon payment of the mortgage money, or being heir may set out the widow's dower. In all these cases, and in others where the infant is compellable to do an act, if the act done be judicious and not to his disadvantage, it is binding upon him. Reeve's Dom. Rel. 235, 236. Statute 236, 237.

3. In this case the contract had the assent and approbation of the guardian. *Weed* v. *Ellis*, 3 Caines' R. 253.— *Chilson* v. *Philips*, 1 Vt. R. 41. *Phelps* v. *Culver*, 6 do. 430.

II. If the plaintiff is at liberty to avoid his contract on the

ground of infancy, the defendant is discharged from his, and the plaintiff cannot recover at all.

1. The plea of infancy is to be used as a protection, and not for the purpose of invading the rights of others. *Ex'rs of Loop* v. *Admx. of Loop*, 1. Vt. R. 177. *Vasse* v. *Smith*, 2 Pet. Cond. R. 353.

2. If the contract is avoided by the plaintiff, he can only be permitted to do it upon the principle that every thing be placed *in statu quo*. The contract is wholly blotted out. Reeve's Dom. Rel. 243, 249, 258. *Bigelow* v. *Kenney*, 3 Vt. R. 353. *Phelps* v. *Culver*, 6 do. 430. *Richardson* v. *Boright*, 9 do. 368.

3. The plaintiff's claim, laying the special contract aside, rests upon a *quantum meruit*, and can he recover, since it is found that the defendant received no benefit from his services? Will the law, under the circumstances of this case, imply a contract? Do justice and equity require it?

III. But if we are wrong, and the court should be of opinion that the plaintiff is entitled to judgment on the report, then we contend that the county court erred in overruling the plea in abatement.

1. We contend that at common law, when an infant has a guardian, he cannot sue by *prochein ami*, except when it becomes necessary to sue the guardian, and in some other cases not applicable to this case. 1 Swift Dig. 60. Reeve's Dom. Rel. 267, 269. 3 Bac. Abr. 617.

2. But however the rule may be at common law, under our statute the guardian has the exclusive control of the person and estate of the ward, and the latter cannot sue by *prochein ami*. Stat. 357, sect. 106,

The opinion of the court was delivered by

WILLIAMS, Ch. J.——On the plea in abatement it is sufficient to remark, that the right of an infant to sue by *prochein ami*, although first given by statute, seems to have been recognized as a part of the common law in most of the states. In this state it has never been doubted that he may sue by *prochein ami*. It is sufficient that the guardian does not dissent, and although he may dissent, yet if it is necessary, and for the benefit of the infant, he may sue by *prochein ami*,

notwithstanding such dissent.   The decision of the county court on this point was correct.

On the other question it is contended that there were two separate contracts.   If so, the argument of the counsel for the plaintiff is irresistible, that what was earned under the first contract could not be merged in damages for failing to perform the second.   A minor would not be liable for damages in such a case.   We think, however, there was but one contract or undertaking, and what is called the second contract was only making an election agreeably to the terms of the contract, and giving up the right of determining the time of service at pleasure.   The question then arises, what is the effect of the contract, and the consequences of its being abandoned in the manner stated ?   If the plaintiff was of full age there could be no doubt.   But inasmuch as the plaintiff was an infant, not bound by his contracts, but at liberty to rescind them, except in certain cases, it presents a very serious question whether he should not recover a compensation for his services without any regard to his contract.—— This cannot be considered a contract for necessaries and therefore binding, as an infant cannot judge for himself as to the value of his services, the time suitable to bind himself, or the nature of the employment.   An express contract to pay for necessaries to be thereafter furnished for a length of time would not be valid.   Nor can the contract be considered as binding, as contended for in the argument, because he might be compelled to go out to work by his guardian or the overseer of the poor.   The infant could not have been compelled to make a contract of this nature.   The infant was not bound by this contract so as to be liable to damages for the nonperformance of it, but was entitled to recover what he reasonably deserved to have for his services.   In a similar case in the state of Massachusetts it was held that a minor could recover no more than, under all the circumstances, the services were worth, taking into consideration any disappointment, amounting to an injury, which the other party would sustain by the avoiding of the contract.   *Moses* v. *Stevens*, 2 Pick. R. 322.   The court are inclined to adopt this rule, and although I have great doubt, whether it is not infringing the general rule of law on the subject of contracts with infants,

yet I more readily yield my assent to this course, on principles of policy, when I reflect that so many minors are emancipated by their parents by giving them their time, as it is called,—a practice which, though sanctioned by judicial decisions, I regret has prevailed,—and become adults for the purpose of making contracts, and remain infants to avoid them. It would be unsafe for community, unless some such principiple were adopted. The case under consideration must be decided on this ground. The plaintiff made a contract for service and avoided it. It is found that his services were of no value, and many such cases will happen when a person abandons his contract, so that the other party is injured more than the services were worth. He ought not, therefore, to recover any thing. The judgment of the county court, which was in favor of the defendant, must be affirmed.