Whitmarsh *v.* Hall.

---

WHITMARSH and others *vs.* HALL.

In an action by an infant to recover for work and labor, it is neither a defence nor a ground for reducing the amount of the recovery, that the work was done under a contract by the infant to labor for the defendant for a fixed period of time, which he violated by leaving the defendant's employ, without cause, before the term had expired.

ERROR to the Onondaga common pleas. Hall, an infant, by his next friend, sued L. & J. Whitmarsh for work and labor. It was proved that the plaintiff had worked for the defendants half a month under a contract to labor for them for a certain longer period of time, and had left without cause. After the plaintiff had proved the value of the labor, the defendants proposed to ask a witness what the plaintiff's services were worth, *taking into consideration the damages they had sustained in*

*consequence of his not fulfilling his agreement.* The justice refused to receive this evidence, on the ground that the plaintiff was not, on account of his infancy, bound by his contract; and gave judgment for the plaintiff, which the common pleas affirmed on *certiorari.*

*R. H. Duell,* for the plaintiffs in error.

*D. Gott,* for the defendant in error.

*By the Court,* JEWETT, J.   The evidence offered by the defendants, to show the value of the plaintiff's services, taking into consideration such damages as they had sustained in consequence of his putting an end to the contract by voluntarily refusing to fulfil it on his part, was properly rejected by the justice.   This contract was voidable by the plaintiff by reason of his infancy, according to the general rule of law, that the contracts of infants, with certain exceptions which do not embrace this case, may be avoided by them either before or after they arrive at full age.   (2 *Kent's Com.* 237, 5*th ed.*)   There is no case where it has been held that an executory contract, by an infant, not being for necessaries, is obligatory upon him. The plaintiff here has put an end to, and avoided his contract with the defendants, by voluntarily leaving their service and bringing this suit to recover the value of his services.

It is insisted on the part of the defendants that the justice erred in rejecting the evidence offered by them on the ground that, although the plaintiff was an infant and had a right to avoid his contract and recover the value of his services, yet that the defendants were entitled, if they had sustained an injury by such avoidance, to have a proper allowance therefor made against such value.   In other words, it is claimed that the defendants are entitled, as a set-off against the value of the plaintiff's services, such sum as is equal to the amount of the injury sustained by them, by the avoidance of the contract by the plaintiff, which in effect would charge the infant with the performance of his contract, or with damages for its violation.   The proposition is

Whitmarsh *v.* Hall.

not sustained by any elementary principle known to the law, and I do not find that it has been recognized by any adjudged case, unless by that of *Moses* v. *Stevens*, (2 *Pick.* 332.) In that case, the plaintiff, an infant, had made a special agreement to labor for the defendant a certain time for certain wages, and before the time expired, left his service voluntarily without cause. It was held that he might recover on a *quantum meruit* for the services performed, and if his employer was injured by the sudden termination of the contract without notice, a deduction should be made on that account. The learned judge, in delivering the opinion of the court, said, " We think the special contract being avoided, an *indebitatus assumpsit*, upon a *quantum meruit* lies, as it would if no contract had been made; and no injustice will be done, because the jury will give no more than, under all circumstances, the services were worth, *making any allowance for any disappointment amounting to an injury which the defendant in such case would sustain by the avoiding of the contract.*" With great respect, I am unable to yield my assent to the soundness of the qualification annexed to the proposition. I think that the infant plaintiff, in such an action, is entitled, by well settled principles of law, to recover such sum for his services as he would be entitled to if there had been no express contract made. A recovery is allowed upon the assumption that there is no express contract at all.

The judgment under review is therefore correct.

Judgment affirmed.