HON. PIERPOINT ISHAM, ⎫
HON. MILO L. BENNETT, ⎭ ASSISTANT JUDGES.

---

JOHN H. HOXIE *v.* L. & A. LINCOLN.

*Book Account. Infant. Special contract for labor not perform-*
*ed, can only recover what his services are reasonably worth, &c.*

When an infant makes a contract with an adult to serve for a given time, and quits before he has performed the whole service, he is entitled to recover what his services are reasonably worth, taking into consideration the injury to the other party; and if, under all the circumstances, his services are worth nothing, or if he has been paid more than they were worth, he cannot recover. *Thomas* v. *Dike,* 11 Vt. 273.

This court will not revise facts found and reported by an auditor.

When an infant fails to perform his special contract, he cannot recover upon the contract, but is driven to his *quantum meruit,* and can only recover so much as he reasonably deserves to have, under all the circumstances.

BOOK ACCOUNT. Judgment to account was rendered in the County Court, and auditors were appointed, who reported the following facts:

That the plaintiff commenced work for the defendants on the 29th day of October, 1846, as an apprentice, to learn the blacksmith's trade, under a contract made by the plaintiff with the defendants; that the plaintiff was then a minor, (being sixteen years of age on the 19th day of October, 1846;) and by the terms of the contract, he was to continue in the service of the defendants from said 29th day of October, 1846, until he should be twenty-one years of age; the defendants paying plaintiff for such service thirty-five dollars for the first year, and to increase his pay five dollars every succeeding year, until he should be twenty-one years of age. That the contract was by parol, and that the father of the plaintiff had given plaintiff his time previous to the contract between plaintiff and defendants, and that he had knowledge of the contract soon after it was made, and assented to the same.

That the plaintiff continued to labor for defendants under the said contract, as a good and efficient apprentice, from said 29th day of October, 1846, to the 1st day of August, 1850, at which time he quit the service of defendants, leaving their employ one year, two months, and nineteen days before his time of service expired, by the terms of said contract.

That the plaintiff labored three years and nine months for the defendants, which, at the contract price the defendants were to pay, would amount to the sum of $157,50; and that defendants have paid the plaintiff in money and clothing, and other articles, the sum of $113,78; that the plaintiff left the employ of the defendants without any good cause; and further, that the two first years of service performed under the contract, by the plaintiff, were of little or no value to the defendants, over and above his board and instruction; but that at the time the plaintiff left, he was worth to the defendants about one dollar per day; and that the consideration, which was agreed to be paid the plaintiff for his services, taking into the account his instruction, was reasonable, and the damage sustained by the defendants, in consequence of the plaintiff's leaving their employ before his term of service had expired, was much more than the amount claimed by the plaintiff for services rendered.

The auditors also reported,'that if the damages claimed by defendants for plaintiff's leaving their employ, cannot be offset against plaintiff's services, then there would be due from defendants to plaintiff $44,32; and that in finding the damages sustained by defendants by the plaintiff's leaving their employ, they took into account the little value of the services of plaintiff, for the early period of his time of service, and the increased value for the last portion of his time, had plaintiff fulfilled his contract.

The County Court, June Term, 1852,—PIERPOINT, J., presiding,—accepted the report, and rendered judgment thereon for the defendants.

Exceptions by plaintiff.

*J. L. Stark, N. B. Hall and A. B. Gardner* for plaintiff.
·It is a well established principle of law, that all contracts made by infants, (with some exceptions, not material in this case,) may be avoided by them, either before or after they arrive at full age. *Abell* v. *Warren*, 4 Vt. 149. *Baker* v. *Lovett*, 6 Mass. 78. *Medly* v. *Watrous*, 7 Hill, 110. Bingham on Infancy, 29. And it is equally as well settled, that *damages* can in no case be recovered for the *breach* or non-performance of a contract by an infant.

Where services are rendered by an infant under a special contract, which has not been executed on his part, he is entitled to recover what his *services are reasonably worth*. *Abell* v. *Warren*, 4 Vt. 149. *Moses* v. *Stevens*, 2 Pick. 332. *Medly* v. *Watrous*, 7 Hill, 110.

*E. Davis* for defendants.
The plaintiff must either recover by force of the special contract found in the case, or he must rely upon a *quantum meruit*.
1. If he grounds his right of recovery on the special contract, and seeks to enforce it, the law will hold him to a fulfillment on his part. But having violated his contract, by leaving the defendants before the time stipulated therein, he is precluded from claiming any benefits arising therefrom.
2. Under the *quantum meruit*, he can only recover as much as he hath deserved.
The auditors find that the damage sustained by defendants, in consequence of plaintiff's leaving their employ, is *much more* than the amount claimed by plaintiff.

The facts in this case make it analogous, in every material point, to that of *Thomas* v. *Dike*, 11 Vt. 273.

The opinion of the court was delivered by

REDFIELD, CH. J. This is an action to recover, for the services of an infant, who entered into a parol contract of apprenticeship, which he did not fully perform. The auditors report, that the plaintiff was to have $35 for the first year, and five dollars in addition to the former year, for each succeeding year, there being about five in all. He quit the defendants' employ without just cause, one year, two months and nineteen days, before the time expired, having labored three years and nine months, which at the contract price, it will be perceived, amounts to the sum reported by the auditors, $157,50. The auditors report that defendants have paid towards this service, $113,78, besides paying for a coat charged in plaintiff's account, as seems inferrible from the manner in which the auditors state the dealings between the parties, and which being matter of fact, we cannot revise.

The auditors report, that the two first years of plaintiff's service could have been of little or no value to defendants, beyond board and instruction. This disposes of $75 of the $157,50, leaving but $82,50 of beneficial service performed for the defendants, if reckoned according to the contract price, which the auditors say, was under the circumstances, reasonable; and being so, perhaps it could scarcely be presumed, by this court, against the judgment of the court below, that for the middle term of one year and nine months, the plaintiff earned more than the contract prices. This is not found, and as all reasonable presumptions are now to be made in favor of the judgment below, it will be difficult for us to say that such is the natural intendment.

It seems to us the more natural inference from the report, that the plaintiff had not, at the time he left the employ of the defendants, performed so much beneficial service for the defendants, as he had received pay. The terms, in which this is stated, sometimes look as if the auditors literally reduced the amount of the plaintiff's recovery by offsetting damages for his non-performance of the special contract. But that seems but another mode of computing the benefits received by defendants, from the plaintiff's actual service. The whole compensation stipulated was reasonable. The

plaintiff earned nothing the two first years.   Had he fulfilled the term, he would have earned enough over and above the stipulated price, on the last part, to supply the deficiency in the first part.

Upon this construction of the report, there seems no objection to the judgment below, in any view.   And as the plaintiff had not performed the special contract, he could not recover upon that, and being driven to his *quantum meruit*, he can only recover so much as he reasonably deserves to have, under all the circumstances.— Or, as is said in *Thomas* v. *Dike*, 11 Vt. 273,   " He is entitled to " recover what his services are reasonably worth, taking into con- " sideration the injury to the other party ; and if under all the cir- " cunstances, his services are worth nothing, he cannot recover," or if he has been paid more than they were worth.

Judgment affirmed.