## James H. Riley *vs.* John Mallory.

The privilege of an infant to avoid contracts injurious to him and rescind those which are not, is not an exception to a general rule, but a general rule with exceptions.

An infant may rescind all contracts before or after he comes of age, whether they are fair or not, and whether executed or executory—except contracts for necessaries, contracts to do that which he may be compelled in equity to do, and contracts which he has so enjoyed that the other party can not be restored to his original position.

It is no defence to an action brought by an infant to recover back the purchase money of an article, (the contract having been rescinded and the article tendered back in substantially the same condition,) that the infant stole the money from another person, if the owner of the money makes no claim upon the defendant therefor.

Assumpsit for money had and received, appealed from a justice of the peace, and tried to the jury in the superior court, on the general issue with notice, before *Pardee, J.*

The plaintiff was a minor. On the trial he claimed, and offered evidence to prove, that in August, 1863, he purchased a gun of the defendant, and paid therefor the agreed price of five dollars; that on or about the twenty-fifth of September, 1863, having determined to rescind the contract of purchase, he notified the defendant that he rescinded the contract, tendered back the gun to him in as good condition as when he took it, and demanded from him the five dollars paid him, and that the defendant refused to receive the gun and return the purchase money. The gun was used somewhat by the

plaintiff and one or two others to whom he loaned it, after the purchase and before the return of it.

The defendant requested the court to charge the jury that if the plaintiff advanced money on a voidable contract which he afterwards rescinded, he could not recover the money back, because it was lost to him by his own act; also that money paid for a valuable consideration by a minor with his own hand in the ordinary course of trade, when the minor has enjoyed for a considerable time the use of the article paid for, can not be recovered back unless fraud has been practised on the minor; also that if any substantial depreciation in the value of the article received by the minor had taken place, the minor must show that on returning the article he offered to pay for the injury or to allow therefor on the money repaid, or he could not recover. But the court charged the jury that the plaintiff was entitled to recover in this case, if they found from the evidence that he had notified the defendant that he rescinded the contract of purchase, and that he then tendered to the defendant the gun without any substantial depreciation in its value and demanded the return of the purchase money; and that it was for the jury to determine whether the plaintiff did then return the gun to the defendant without any substantial diminution in its value.

On the trial evidence was offered to prove, and it was admitted, that one John Taylor was the owner of the gun prior to the ownership of the defendant, and that Taylor sold it to the defendant. The defendant claimed, and offered evidence to prove, that while Taylor was the owner of the gun he loaned it to the plaintiff, and that while the latter had the gun in his possession as a borrower from Taylor he offered to sell it to the defendant, representing it to be his, the plaintiff's, gun. The court rejected the evidence.

On the trial the defendant introduced one Samuel Beers as a witness, who testified that during the month of August, 1863, he lived in the family of his father Sherman Beers, and that he lost a sum of money some time during the month. Evidence was also offered to prove and it was not denied that during the month of August, 1863, the plaintiff also lived in

the family ; that he picked up from the floor of a room in the house the sum of fifteen dollars, and subsequently paid five dollars, part thereof, to the defendant for the gun ; that the plaintiff communicated these facts to Beers before he rescinded the contract of purchase ; that upon the plaintiff's request Beers accompanied him when he went to the defendant and rescinded the contract of purchase, tendered back the gun and demanded the five dollars ; that the plaintiff then informed the defendant that the five dollars paid for the gun was a part of the fifteen dollars found by him, and Beers also then informed the defendant that he believed the five dollars was part of the fifteen dollars lost by him, and requested the defendant to return the five dollars to the plaintiff; and that the defendant refused to return the money, declaring that he had paid it away. The defendant requested the court to charge the jury that if the money paid by the plaintiff to the defendant was stolen money, or was demanded of him on the attempted rescision of the contract as stolen money, and on the ground that it was not and never had been the plaintiff's money, then it was not the duty of the defendant to restore the money to the plaintiff but to the true owner, and that the action could not be maintained. The court charged the jury that the finder of lost bank-bills who takes possession of them not intending to steal them at the time of the original taking, is not rendered guilty of larceny by any subsequent felonious intention to convert them to his own use ; that it must be proven that at the time of the original taking of the bank-bills in question the plaintiff intended to steal them in order to make them stolen bills in the eye of the law ; also, that if the jury believed Beers was the loser of the money, and that he requested the defendant to repay the same to the plaintiff, the defendant would not be justified in retaining it as the property of Beers, lost by him and found by the plaintiff. The defendant also offered evidence to prove that the plaintiff had spoken of the bank-bills found by him as " stolen bills." The court rejected the evidence.

The jury having returned a verdict for the plaintiff, the

defendant moved for a new trial for errors in the charge and rulings of the court.

*Brewster*, with whom was *Averill*, in support of the motion.

1. The instruction requested by the defendant as to the recovery of money paid by an infant on an executed contract was a quotation from Macpherson on Infants, 488. 1 Parsons on Contracts, 268 ; Story on Contracts, § 63 ; Addison on Contracts, § 83 ; Chitty on Contracts, § 142 ; 2 Kent Com., 240 ; Hilliard on Sales, p. 60, sec. 20. The leading English case, *Corpe* v. *Overton*, 10 Bing., 252, decides that where the infant does not enjoy the benefit of the purchase he can recover the purchase money on restoring the thing purchased, but that if he has enjoyed the benefit of the purchase, or had the use of the thing purchased, the money can not be recovered. In the Revision of Swift's Digest, (Vol. 1, p. 56,) the author, overlooking this distinction, states that there can be no recovery if the consideration is " valuable." Story on Sales has this passage :—" If therefore the infant should purchase a watch and pay for it, he could not by disaffirming his contract and offering the watch in return found any claim to recover the sum paid by him." A leading American case (overruling *McCoy* v. *Hoffman*, 8 Cowen, 84,) *Medbury* v. *Watrous*, 7 Hill, 110, adopts *Corpe* v. *Overton*, as containing the true rule of law on this subject, as do also *Godkins* v. *Walker*, 17 Maine, 38, *Farr* v. *Sumner*, 12 Verm., 28, *Nightingale* v. *Withington*, 15 Mass., 272, *Millaird* v. *Hewlett*, 19 Wend., 301, *Hill* v. *Anderson*, 5 Sm. & Marsh., 216, and *Bartholomew* v. *Finnemore*, 17 Barb., 428. Infancy cases of the following description, viz., 1st, those regarding unfulfilled contracts for labor; 2d, those where there was no benefit or use of the consideration ; and 3d, those concerning exchanges and sales of lands, do not come within the long established exception in regard to the right of disaffirmance for which we contend. The present case is, it is believed, without precedent. The reason of the established exception in case of money paid is founded on its practical convenience and the peculiar function of money as the representative of value.

The exclusion of minors from all money purchases would be no privilege to them; and complete exclusion must follow if tradesmen are liable to have goods sold for cash and without fraud returned after being used, whenever the infant customer is tired of his bargain. Other species of personal property can be identified and followed if sold without authority by an infant (being still the property of the rightful possessor,) while money can not. Hence the responsibility in the case of money paid is put on the one who intrusts the infant with money, not on the one who receives the money for a fair consideration, provided the infant has used and received a benefit from the thing purchased. The use binds the otherwise voidable contract.

2. The instruction requested as to the duty of the minor to pay for the injury to the article should have been given. *Hoxie* v. *Lincoln*, 25 Verm., 206; *Bartholomew* v. *Finnemore*, supra.

3. The charge as to " money found " is erroneous, because it treated the question of intent as though the finding had been on a highway instead of in a room in a house by an inmate and servant, where the original appropriation and retention being wrongful a subsequent willful disposal constitutes larceny. Strictly speaking the money was never lost, being all the while in the owner's room until taken by the plaintiff. 3 Greenl. Ev., § 109; *Regina* v. *Kerr*, 8 Car. & P., 176; *Regina* v. *West*, 6 Cox C. C., 415; *Regina* v. *Riley*, 14 Eng. Law & Eq., 544; New York New Penal Code, sec. 585, and cases cited.

4. The judge's charge as to the effect of Beers's request was calculated to mislead the jury. Moreover the charge assumed the point in question and in no way answered the legitimate request of the defendant.

5. The admission of the plaintiff that the money which he sought to recover was stolen money should not have been rejected. The court charged that " it must be proven that the plaintiff intended to steal," but refused to allow his own confession to that effect. It was admissible to show a total want of title in the plaintiff.

*Taylor,* contra.

BUTLER, J. The claims urged by the defendant in this case can not be sustained. It is apparent that he has been misled by hasty text writers who did not fully comprehend the true principles and condition of the law relating to infancy.

The privilege of an infant to avoid contracts which are injurious to him, and rescind those which are not, is not an exception to a general rule, but a general rule with exceptions. The law assumes the incapacity of an infant to contract. It also recognizes the fact that the limitation of infancy is arbitrary ; that it is indispensably necessary that an infant should be at liberty to contract for necessaries ; and that he may happen to make other contracts which will be beneficial to him. It does not therefore forbid him to contract, but gives him for his protection the privilege of avoiding contracts which are injurious to him and rescinding all others, whether fair or not, whether executed or executory, and as well before as after he arrives at full age—excepting from the operation of the privilege only contracts for necessaries, contracts which he may be compelled in equity to execute, and executed contracts where he has enjoyed the benefit of them and can not restore the other party to his original position. These exceptions are founded in the necessities of the infant, or required by a just regard for the equitable rights of others. The exception which the defendant claims to exist, founded on the simple fact that the infant has *paid money* in the purchase of an article not a necessary or upon a contract which would be otherwise voidable, has no element of necessity or equity to require or sustain it, and no settled recognition in the law.

Fifty years ago the Hon. Tapping Reeve, who had been for many years a judge of the superior court and for one year chief justice of the state, and who conducted one of the earliest law schools in the country, published his carefully prepared lectures on the law relative to the domestic relations. In his chapter on infants he states the law in relation to their privilege thus:—" It is the privilege of an infant that he may

rescind his contracts at pleasure. In ordinary cases he can avail himself of this privilege. It is not a matter of any moment whether the contract is a fair one or not, the infant may rescind it." (Page 227.) Again, on page 254, he says, " It is an universal rule that all executory contracts which are voidable on the ground of infancy may be avoided during infancy by the infant as well as afterwards, as when a minor promises to pay, &c. So too *all* contracts respecting property which are *executed* by delivery of some article on *payment of money*, may be rescinded by the minor both before and after the time of his coming of age." To these general rules he states the three exceptions; viz., contracts for necessaries; contracts, if not unequal, to effect what the infant is compellable in chancery to do, as making partition, releasing a mortgage, executing a trust, &c. ; and contracts under which the infant has so enjoyed or availed himself of the consideration that the parties can not be restored to their original position. He states no other exceptions, and there were no others then known in the law. That work was then and is still an authority, and such then was and ever has been the law in this state, and it was correctly stated to the jury.

Two years after the publication of the work of Judge Reeve, and in 1818, the case of *Holmes* v. *Blogg*, was decided in the common pleas in England. That was a case where an infant and adult, as partners in trade, had taken a lease of premises and used them in their business, the infant having paid the rent in advance. When the infant came of age he dissolved the partnership, rescinded the contract of lease, and brought an action to recover the rent paid. He did not recover. As he had enjoyed the use of the premises and could not put the lessor in his original position, he was within the third exception stated by Judge Reeve, and so the court should have held. But Gibbs, C. J., branching off unnecessarily, and quoting a dictum attributed to Lord Mansfield, that " if an infant pays money with his own hands, without a valuable consideration for it, he can not get it back again," put the case on that ground, and made it an erroneous and mischievous precedent. The case was followed

blindly in 1827, by the supreme court of New York in *Mc Coy* v. *Hoffman*, 7 Cow., 84. But Judge Kent, who published his commentaries soon after, although he cited those cases as authorities for the position that "if an infant pays money on his contract and *enjoys the benefit of it* he can not recover back the consideration paid," yet had the good sense to avoid the error into which Chief Justice Gibbs had fallen. The case of *Holmes* v. *Blogg* was overruled by the common pleas in England in 1833, in *Corpe* v. *Overton*, 10 Bingham, 252, where it was held that an infant *might* recover back money which he had paid in advance towards a share of the defendant's trade. So in the state of New York in 1845 the case of *Mc Coy* v. *Hoffman* was expressly overruled in *Medbury* v. *Watrous*, 7 Hill, 110. See also *Bent* v. *Osgood*, 19 Pick., 572. No court in England or this country it is believed would now follow *Holmes* v. *Blogg*, or pay any attention to the senseless dictum attributed to Lord Mansfield.

The extracts cited by defendant's counsel from Story on Sales were based on the overruled cases of *Holmes* v. *Blogg* and *Mc Coy* v. *Hoffman*, but the annotator of the third edition, Mr. Perkins, has corrected the error in effect by adding the true rule in a foot note, as follows:—"But the infant may renounce his purchase and recover back the purchase money upon the restoration of the property purchased," citing a number of recent American cases. Future editions of the other text-books cited will probably contain similar corrections, and the law be purged of the error thus introduced in *Holmes* v. *Blogg*.

We discover no error in the other rulings of the court. In fact the other questions made were immaterial ones. Thus it was immaterial to the defendant whether the plaintiff found or stole the money he paid for the gun; and what he said about it was equally unimportant. The minor in either event was not responsible to the defendant, or the defendant to the owner. The minor was responsible over to the owner of the money and entitled to demand it for the purpose of restitution. Moreover the case shows that the owner of the money concurred in the request that the contract should be rescinded, and

the purchase money repaid, and estopped himself from making any claim upon the defendant.

On the whole case it is very clear that justice has been done and a new trial should be denied.

In this opinion the other judges concurred.