ELBRIDGE W. ROBINSON *versus* WARREN WEEKS.

The contracts of infants are,

   1. Binding, when for necessaries at fair and just rates;

   2. Void, when manifestly and necessarily prejudicial;·

   3. Voidable, including all their agreements, which may be beneficial and are not for necessaries, until fully executed on both sides; and all such executed contracts where the other party can be placed substantially *in statu quo.*

To enable him to recover back money paid under a voidable contract, a rescinding minor need not offer to return mere receipts taken therefor.

Voidable contracts may be rescinded by a minor, either during his minority, or within a reasonable time after he has attained his majority.

ON REPORT.

ASSUMPSIT to recover back the sum of $200, paid by the plaintiff to the defendant, for one share in the Mt. Vernon Land and Petroleum Company, together with the interest on the same.

It appeared in evidence that the plaintiff was born Oct. 31, 1845; that, on March 3, 1866, the defendant solicited and induced the plaintiff to purchase one share of the stock of the Mt. V. L. & P. Co., for the sum of $200; that he then paid the defendant $100 and took his receipt for the same, and, on the 18th day of the following April he, by the defendant's direction, paid the other $100 to §on.Joshua Blake, and took Blake's receipt therefor; that he never received any certificate of stock; that the plaintiff's guardian died May 5, 1865; that, on Nov. 12, 1866, the plaintiff repudiated the contract, and demanded the money and interest of the defendant.

It also appeared that Blake paid the $100 received of the plaintiff to the wife of the defendant, who held the funds and transacted all the business of the company, and was then in Canada attending to its affairs.

The receipts taken for the money paid were as follows and were not surrendered before the commencement of this action.

"Mt. Vernon, March 3, 1866.—Rec'd of E. W. Robinson $100 for one-half of his share in the Mt. Vernon Land and Petroleum Company. Warren Weeks."

"Mt. Vernon, April 18, 1866.—Rec'd of E. W. Robinson $100 for the last half of his share in the Mt. Vernon Land and Petroleum Company.

Joshua Blake, *Treasurer of said company.*"

The case was submitted to the full Court for such decision as the law and evidence required.

*E. Kempton*, for the plaintiff.

*S. Belcher*, for the defendant.

BARROWS, J.—If the receipts which the defendant and his agent gave for the money, which the plaintiff seeks to recover in this action, could be considered as certificates of petroleum stock, the action could not be maintained; for, assuredly, if an infant has received anything which may have an intrinsic or a market value, by virtue of the contract which he claims to rescind, he must return it if it is in existence and within his control, after he becomes of age, before he can be permitted to reclaim the money paid for it. It is unnecessary in this case to define more carefully or precisely the limitations of this obligation on the part of a rescinding minor to return what he has received under the contract, or to consider further the effect of failure or inability to return anything which has such a value; for the plaintiff was of age and had the receipts in his possession when he claimed to rescind but did not offer to return them.

But these receipts were of no appreciable value to any one except to the plaintiff, as evidence of the fact that he

had paid his money for the defendant's promise, of a share in the Mt. Vernon Land and Petroleum Company. He never received any certificate of stock. The receipts gave him no legal interest in the company property if there was any.. At most, they gave him only a right to call upon the defendant for a share of the stock; and that right he renounced in writing as soon as he became of age, coupling with his renunciation an offer to assign over. to defendant any interest which he might have in the company. The return of the scraps of paper on which the receipts were written, was, under such circumstances, unnecessary.

The plaintiff was a minor when he made the agreement for the stock and paid the money. Making known his election to rescind the agreement and reclaim his money within a fortnight after he became of age, and before he had received anything by way of consideration except these papers, he demands his money and brings this suit. Is there any good reason, upon principle or authority, why he should . not prevail?

The defendant's position receives countenance from some passages in the text books.

In Chitty on Contracts, (6th Am. Ed.,) 154, we find the following : — "An infant's right to elect, whether he will avoid or confirm a contract entered into by him during his infancy, does not necessarily entitle him to recover back money which he has paid thereon. It is indeed a general rule that an infant cannot recover back money paid by him, even upon a contract which by reason of his infancy he is not bound to complete, there being no imposition."

And PARSONS lays it down very broadly thus : — " If an infant advances money on a voidable contract which he afterwards rescinds, he cannot recover the money back, because it is lost to him by his own act, and the privilege of infancy does not extend so far as to restore this money unless it was obtained from him by fraud." Parsons on Contracts, vol. 1, p. 268, (Ed. of 1853.)

The origin of this doctrine is to be found in a dictum of

Lord MANSFIELD, in the celebrated case of *The Earl of Buckingham* v. *Drury*, 2 Eden, 60. One of the questions in that case was whether an infant could by contract bar her dower. When the case came before the House of Lords, upon appeal, the opinion of Lord NORTHINGTON, that the statute applied only to adults, was reversed, and Lord MANSFIELD, in delivering his opinion, said :— "If an infant pays money with his own hand, without a valuable consideration for it, he cannot get it back again." This *dictum* was quoted to support the decision in *Holmes* v. *Blogg*, 8 Taunt., 508. But it was uncalled for in that case, the true doctrine of which is that a minor cannot recover money paid on a valuable consideration, which he has partially enjoyed, when he cannot put the other party in the same position as before; and, in *Corpe* v. *Overton*, 10 Bingham, 252, while the decision in *Holmes* v. *Blogg* was sustained, the *dictum* of Lord MANSFIELD, and "the strong expressions" in the latter case, were reviewed and substantially overruled, and it was held that plaintiff might recover back, in an action for money had and received, a sum which, while an infant, he had paid in advance towards the purchase of a share in defendant's trade, to be forfeited if the purchase was not completed, when it appeared that he, on arriving at the age of twenty-one years, had refused to complete the purchase.

The *dicta* of the learned Judges, in *The Earl of Buckingham* v. *Drury*, and *Holmes* v. *Blogg*, *ubi supra*, seem to have been followed in *M'Coy* v. *Huffman*, 8 Cowen, 84, *Weeks* v. *Leighton*, 5 N. H., 343, and *Harney* v. *Owen*, 4 Blackf., 337, and thus far they do not seem to have been eliminated from the text books, but they have been practically rejected, not only in *Corpe* v. *Overton*, above cited, but by many courts in cases where the question has arisen whether an infant who has engaged to labor for a certain period, and, after performing part of the work, has rescinded the contract, can recover for the work he has done. So that Parsons, (*ubi supra*,) while remarking that "the principle upon which the rule is founded, that forbids the infant's recovery

of money advanced by him on the contract which he has rescinded, would appear to lead to the conclusion that he could not recover for work done" under such circumstances, admits that the weight of authority is the other way.   See *Judkins* v. *Walker*, 17 Maine, 38 ; *Moses* v. *Stevens*, 2 Pick., 332 ; *Vent* v. *Osgood*, 19 Pick., 572 ; *Thomas* v. *Dike*, 11 Vermont, 273 ; *Peters* v. *Lord*, 18 Conn., 337 ; *Medbury* v. *Watrous*, (overruling *M'Coy* v. *Huffman*,) 7 Hill, 110 ; *Whitmarsh* v. *Hall*, 3 Denio, 375 ; *Lufkin* v. *Mayall*, (overruling *Weeks* v. *Leighton*,) 5 Foster, 82 ; *Wheatley* v. *Miscal*, 5 Porter, (Indiana,) 142.   Thus, it will be observed, that all the principal cases where these *dicta* have been followed, have been reconsidered and over-ruled by the courts in which they were decided.   It is true that, in *Breed* v. *Judd & al.*, 1 Gray, 455, the right of the minor to rescind an executed contract was made to depend, not upon the character of the contract, but upon the finding of the jury that the consideration by him received was not only adequate but beneficial.   That case is apparently in conflict with *Tupper* v. *Cadwell*, 12 Met., 559, which holds, we think, rightly, that what subjects of expenditure are to be termed beneficial to the infant, is a matter of law to be decided by the Court.

We think the true doctrine is that the contracts of minors may be divided into three classes : — 1. Binding ; if for necessaries at fair and just rates : — 2. Void ; if manifestly and necessarily prejudicial, as of suretyship, gift, naked release, appointment of agents, confession of judgment, or the like ; — 3. Voidable, at the election of the minor, either during his minority or within a reasonable time after he becomes of age ; and this last class includes all the agreements of a minor which may be beneficial and are not for necessaries until fully executed on both sides, and all executed contracts of this sort where the other party can be placed substantially in *statu quo*.   How far executed contracts, where the other party cannot be placed in as good a position

as before, must be excepted and the power of the minor to avoid them denied, it is not necessary here to discuss.

The mere fact that the contract has been fully executed, or that the infant has paid the money with his own hand, does not necessarily affect his right of rescission and recovery. *Williams* v. *Brown*. 34 Maine, 594; *Austin* v. *Gervas*, Hobart, 77; *Price* v. *Furman*, 1 Williams, (Vt.,) 238.

The protection which the law supposes the infant to need, is as much required against the improvidence which has paid out as against that which only promises to pay, and, where it can be afforded without converting the shield into a sword, it should be given. There seems to be no good reason why, if lands conveyed and goods sold and delivered may be reclaimed by the infant, money paid should not be.

In this case, the contract being legally rescinded, the rights of the parties are the same as if none had ever been made. He who makes a contract of this class with a minor assumes the risk of a rescission. The money must be repaid, with interest from the date of its receipt.

*Defendant defaulted.*

KENT, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.