VATILIN DEROCHER, *pro. ami*, *vs.* CONTINENTAL MILLS.

*Infant's contract—avoidance of.*

When an infant has legally avoided his contract for labor, the rights of the parties thereto are precisely the same as if it had never been made.

Thus, where a minor, who agrees to work for a manufacturing corporation six months, at least, and give no less than two weeks' notice before leaving, but does leave before the expiration of the time, and without giving such notice, he is not liable to have the damages occasioned thereby deducted from what he would otherwise be entitled to recover for his labor.

ON EXCEPTIONS.

ASSUMPSIT upon an account annexed for 25½ days' work, at $1.25 = $31.87, ending June 29, 1869.

The case was referred to the presiding judge, with the right of alleging exceptions.

The judge found, as matter of fact,

That the defendants are a corporation and operators of a large cotton mill in Lewiston; that the plaintiff is a minor, and that she was emancipated by her father before the services for which this suit is brought were rendered; that when she commenced work for the defendants, she entered into a contract to work for them six months, at least, and give no less than two weeks' notice before leaving, failing in which she was to forfeit the wages due; that after working a portion of the time agreed upon, she left without giving any notice; that the loss resulting to the defendants, in consequence of the plaintiff's leaving without notice, exceeded the amount of her wages then due.

Upon these facts the presiding judge ordered judgment for the defendants; whereupon the plaintiff alleged exceptions.

*Pulsifer & Frost*, for the plaintiff.

*Wm. P. Frye & J. B. Cotton*, for the defendants, cited 1 Am. Lead. Cas., 259; *Moses* v. *Stevens*, 2 Pick. 332; *Vent* v. *Osgood*, 19 Pick. 572; *Judkins* v. *Walker*, 17 Maine, 38; *Thomas* v. *Dyke*, 11 Verm. 273; Schouler's Dom. Rel., 561 and note.

WALTON, J.   The question is, whether a minor, who has agreed to work for a manufacturing corporation at least six months, and not leave without giving two weeks' notice, but does leave without giving such notice, is liable to have the damages occasioned thereby deducted from the amount he would otherwise be entitled to recover for his labor.

We think not.   To compel the minor thus to make good the loss occasioned by the non-performance of his contract, is virtually to enforce the contract; and thus to enforce the contract is in effect to abrogate the rule of law that a minor is not bound by his contract.   We presume no one would undertake to maintain that an action would lie against an infant to recover damages for the breach of such a contract; and yet it seems to us that there can be no difference in principle between deducting the damages from the amount which the infant would otherwise be entitled to recover in a suit brought by him, and recovering the same in a suit brought against him.   Stripped of all its sophistical surroundings, we think the doctrine contended for in defense amounts to simply this, that the minor's contract not to leave without giving two weeks' notice was obligatory, and having violated it, he must pay the damage. Such a doctrine cannot be maintained.

The decisions on this branch of the law furnish us with a curious and instructive illustration of the mischief that is liable to be done when judges undertake to generalize too much, and to decide more than is presented by the cases then before them.

In a case before the house of lords on appeal, one of the questions was, whether an infant could, by contract, bar her dower. Lord Mansfield, in delivering his opinion, is reported to have said, "If an infant pays money with his own hand, without a valuable consideration for it, he cannot get it back again." *Buckingham* v. *Drury*, 2 Eden, 60.

Relying upon this *dictum*, it was afterwards held in England that money advanced by an infant for a lease of real estate, which he afterwards avoided, could not be recovered back. *Holmes* v. *Blagg*, 8 Taunt. 508.

Relying upon the same *dictum*, and the above decision, it was afterwards held in New York, that where an infant does work in part performance of a contract, which he fails to complete, he cannot recover for it. *McCoy* v. *Huffman*, 8 Cowen, 84.

Similar decisions were made in Indiana and New Hampshire. *Harney* v. *Owen*, 4 Blackf. 337; *Weeks* v. *Leighton*, 5 New Hamp. 343.

But these decisions, and the *dictum* of Lord Mansfield (so clearly erroneous, that one is almost led to doubt whether he could ever have made it), have all been overruled.

In England, the *dictum* of Lord Mansfield, and the use made of it in *Holmes* v. *Blagg*, 8 Taunt. 508, were repudiated in *Corpe* v. *Overton*, 10 Bing. 252. In the latter case, the court held that money paid by an infant toward the purchase of a share in the defendants' business, could be recovered back.

In New York, the decision in the 8th of Cowen was overruled in the 7th of Hill, 110 (*Medbury* v. *Watrous*). In the latter case, it was held that where an infant enters into a contract for the purchase of property, and performs work in part-payment of the price, but avoids the contract on arriving at full age, he may recover for the work.

In Indiana, the decision in the 4th of Blackford, 337, was overruled in *Dallas* v. *Hollingsworth*, 3 Ind. 537.

In New Hampshire, the decision in the 5th of New Hampshire, 343, was overruled in *Lufkin* v. *Mayall*, 25 New Hamp. (5 Foster), 82. In the latter case, it was held that an infant, who has avoided his contract for labor on the ground of infancy, may recover compensation for his services performed under it.

In Massachusetts, it was held that where an infant performs labor on a special contract, which he afterwards abandons, he may recover for his services, "as if no such contract had been made." This is undoubtedly the true rule of law. But in closing the opinion, the court inserted one of those unfortunate *dicta*, apparently unconscious that it was utterly inconsistent with the rule just laid down, namely, that the rule would do no injustice, "because the jury

would give no more than under all the circumstances the services were worth, making any allowance for any disappointment amounting to an injury which the defendant in such case would sustain by the avoiding of the contract." "It seems," therefore, says the reporter in his syllabus of the case, "that if the employer is injured by the sudden termination of the contract without notice, a deduction should be made on that account." The court just lay down the rule that the case is to be tried precisely as if no special contract had been made, and then add, in substance, that a deduction must be made for the breach of it. *Moses* v. *Stevens,* 2 Pick. 332.

In a later case in Massachusetts, the true rule is again stated, that by the avoidance of an infant's contract, it is annihilated *ab initio,* "and the parties are left to their legal rights and remedies just as if there had never been any contract at all;" and the absurd qualification annexed to it in the case just cited is, of course, omitted. *Vent* v. *Osgood,* 19 Pick. 572.

And in New York the qualification attempted (inadvertently we have no doubt) to be engrafted upon the rule applicable to such cases, was expressly overruled. The court said they could not yield their assent to the soundness of such a qualification; and the court held, that an infant plaintiff in such an action is entitled, by well-settled principles of law, to recover such sum for his services as he would be entitled to if there had been no express contract made. *Whitmarsh* v. *Hall,* 3 Denio, 375.

The *dictum* of Lord Mansfield, in *Buckingham* v. *Drury,* 2 Eden, 60, that "if an infant pays money with his own hand, without a valuable consideration for it, he cannot get it back again;" and the remark in the opinion of the court in *Moses* v. *Stevens,* 2 Pick. 332, that "the jury would make an allowance for any disappointment amounting to an injury which the defendant in such case would sustain by the avoiding of the contract," are undoubtedly the cause of most, if not all, of the confusion to be found in the books on this branch of the law.

We think the rule of law, applicable to this class of cases, is correctly stated in *Vent* v. *Osgood,* 19 Pick. 572; and in the opinion

of this court in *Robinson* v. *Weeks*, 56 Maine, 102; and is substantially this, that when an infant's contract is legally avoided, the rights of the parties are precisely the same as if it had never been made.

Having avoided her contract to work not less than six months, and not to leave without giving two weeks' notice, the plaintiff had a right to have her case tried and determined precisely as if no such contract had ever been made. Yet her case was not thus tried. The defendants were allowed, first, to show that such a contract was made, then the breach of it, then the loss resulting to them by reason of its breach. They then had the amount of such loss deducted from the wages due to the plaintiff; and the loss being greater than the wages, the plaintiff's suit was defeated, and judgment ordered for the defendants. Surely that was not having the rights of the parties tried and determined precisely as if no such contract had ever been made; for if no such contract had ever been made, certainly no such result could have been reached.

*Exceptions sustained.*

*New trial granted.*

APPLETON, C. J.; KENT, BARROWS, and DANFORTH, JJ., concurred.

CUTTING, J., did not concur. TAPLEY, J., concurred in sustaining the exceptions.