EUGENE H. SHURTLEFF *vs.* DAVID MILLARD.

The conditions of an auction sale required $180 to be paid at the time of sale by a purchaser.

S., a minor, bid off the property, paid $40 of the required $180, made default in paying the balance, and repudiated the contract of purchase.

The property was again advertised and sold. Whereupon S., still a minor, brought *assumpsit* for the $40 paid by him.

*Held*, that he was entitled to recover.

*Held*, further, that the defendant was not entitled to deduct from the $40 sued for, the expenses imposed on him by the plaintiff's act.

Money voluntarily paid by a minor under a contract from which he has derived no benefit may be recovered back.

*Semble*, that when a minor sues for the value of work done under a contract which he has repudiated, he may recover on *quantum meruit* the value of his services less the estimated injury to the defendant arising from the broken contract.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* brought by the plaintiff, a minor, suing by his next friend, Frederick A. Barker, in the Justice Court of the city of Providence against the defendant, to recover " the sum of forty dollars paid by the plaintiff, a minor, to the defendant, and wrongfully withheld by the defendant." It was carried to the Court of Common Pleas by the defendant's appeal and brought to this court by the defendant's exceptions. It appears from the record that Millard sold certain realty at auction under the powers of a mortgage deed made to him, the conditions of the auction sale requiring ten per cent. of the purchase money to be paid at the sale. Shurtleff, at the auction sale, purchased the property for $1,800, paid $40 at once, and promised to pay the remaining $140 of the ten per cent. required before nightfall. Shurtleff neglected to pay this sum and refused to complete the purchase contract, alleging that he misunderstood the price. Millard then advertised and sold the property again. Shurtleff was a minor during all these proceedings and when his action was brought. The presiding judge in the Court of Common Pleas directed a verdict for the plaintiff and the defendant excepted.

*February* 22, 1879. POTTER, J. The plaintiff, a minor, sues to recover back the sum of forty dollars which he paid the defendant as the percentage required to be paid down for property struck off to him at an auction sale. The defendant contends, *first*, that it having been a voluntary payment the plaintiff cannot recover it back; *second*, that if he is entitled to recover it back the defendant should be allowed to deduct for the expense and trouble which he has been put to by the plaintiff's rescinding the contract. Parsons on Contracts, vol. 1, cap. 17, sect. 5, *322, 6th edition, 1873, lays down the law on the first point broadly as claimed by the defendant. " If an infant advances money on a voidable contract which he afterwards rescinds, he cannot recover this money back because it is lost to him by his own act, and the privilege of infancy does not extend so far as to restore this

money unless it was obtained from him by fraud." He cites no authority. The doctrine so broadly laid down has been over-ruled by later authorities, and this passage has been condemned in *Robinson* v. *Weeks*, 56 Me. 102, 104; still the last edition of the text-book takes no notice of the fact.

In one of the earliest cases, *Earl of Buckinghamshire* v. *Drury*, 2 Eden, 60, 72, Lord Mansfield did use language similar to this; but the case was on the point whether a *feme covert* could be barred of her dower by jointure settled on her while under age. Lords Hardwicke and Mansfield and Sir John Wilmot concurred in the decision of that case, but it has been disapproved since. See, in relation to that case, Wilmot's Notes of Opinions, 177, 226; *Milner* v. *Lord Harewood*, 18 Vesey Jr. 259, 271.

In *Zouch e dimiss. Abbot* v. *Parsons*, A. D. 1765, 3 Burr. 1794, compare 1 Evans' Decisions, 111, Lord Mansfield laid down many of the general rules drawn from the decisions, which have since substantially prevailed, and also, it is believed, first used the expression that the privileges of infancy were given as a shield and not as a sword, which has become a maxim in this branch of the law.

Macpherson, in his work on infancy, page 484, also cited in *Medbury* v. *Watrous*, 7 Hill N. Y. 110, 114, lays down as law that if a minor contracts for an estate and pays a deposit he can-not, in the absence of fraud, recover it back. But he cites no case. But on page 489 the case of *Wilson* v. *Kearse*, Peake's Add. Cas. 196, at Nisi Prius, is cited, where Lord Kenyon is reported to have once used language similar to that we have quoted from Parsons, that if a minor pays money voluntarily he cannot, if there is no fraud, recover it back. But there is no full nor reli-able report of this case.

The case of *Holmes* v. *Blogg*, 8 Taunt. 508, also in 2 J. B. Moore, 552, was this: The infant had paid a premium for a lease and had occupied the leased premises until he came of age, when he quit the premises and sued to recover the money back. The court held that having paid money on a valuable consideration, and having partially enjoyed that consideration, he could not re-cover it back. Chief Justice Gibbs does indeed say that "hav-ing paid the money with his own hand" he "cannot recover it back again."

In *Corpe* v. *Overton*, 10 Bing. 252, the court holding that the plaintiff might recover back money paid, expressly say that they do not impeach the decision in *Holmes* v. *Blogg*. In *Corpe* v. *Overton*, Corpe agreed to form a partnership, and paid down £150 to be forfeited if he failed on coming of age to execute a proper partnership agreement. He rescinded the contract and sued for the money back, having received no advantage whatever from the agreement. In deciding this case, Bosanquet, J., said that the court used strong expressions in *Holmes* v. *Blogg*, but we must look not to the expressions alone but to the facts to which they were applied. And see also as to the language used by Gibbs, C. J., in *Holmes* v. *Blogg*, *Riley* v. *Mallory*, 33 Conn. 201, 207, and *Robinson* v. *Weeks*, 56 Me. 102, as to the true ground of decision in that case.

The case of *M'Coy* v. *Huffman*, 8 Cow. 84, A. D. 1827, was a case where an infant had agreed to purchase land and had paid in money and work toward it and sued to recover for that. The court decided, on the authority of *Holmes* v. *Blogg*, that he could not recover.

In *Medbury* v. *Watrous*, 7 Hill N. Y. 110, A. D. 1845, the plaintiff, a minor, agreed to buy a house and land of the defendant, and had in part payment done work while a minor for the defendant to the value of $70.20. He never had possession of nor received anything from the house, but on becoming of age sued to recover the value of his work. The case of *M'Coy* v. *Huffman* was relied on for the defendant, but the court overruled it. And they distinguish it from the case of *Holmes* v. *Blogg*, and approve of *Corpe* v. *Overton*, and held that the plaintiff should recover. The case is very ably stated. It was decided when the Supreme Court of New York was the Supreme Court of the whole State, and was composed of Nelson, Beardsley, and Bronson.

*Robinson* v. *Weeks*, 56 Me. 102, was a suit to recover back money paid by the plaintiff while a minor for a share of stock in a land and petroleum company. The share had never been transferred to him. He renounced the contract within a fortnight after coming of age. He did not return the receipts for the money, but offered to assign over to the defendant all his interest in the company. The case was tried before the full court.

The court held that the plaintiff could not recover without returning the consideration if it was in existence or under his control, but that the receipts were of no value except as evidences of payment. " The protection which the law supposes the infant to need is just as much required against the improvidence which has paid out as against that which only promises to pay, and where it can be given without converting the shield into a sword it should be given." Judgment for the plaintiff.

The weight of authority and we think of reason is, that it is no defence that the minor voluntarily paid the money, and that when he has received no benefit from the contract he has a right to recover it back.

Excellent remarks on the classification of minors' contracts are contained in Reeve's Domestic Relations quoted and approved in *Riley* v. *Mallory*, 33 Conn. 201 ; also in *Robinson* v. *Weeks*, 56 Me. 102, 106. See also *Price* v. *Furman*, 27 Vt. 268.

But it has been argued that if the plaintiff can recover, there should be a deduction made for any expenses which the defendant has been put to.

In *Moses* v. *Stevens*, 2 Pick. 332, the plaintiff, a boy of eighteen years, agreed to work for the defendant for three years and the defendant was to clothe him, &c., and at the end of the time was to pay him $120. He worked three months and left without cause of complaint ; the defendant subsequently paid the plaintiff $2, which he took in satisfaction. The plaintiff sued for his work on a *quantum meruit*. The judge charged that he was entitled to what his services were worth to the defendant, and that the defendant was not entitled to deduct any damages for breach of the contract before the plaintiff's coming of age, but that if the defendant was injured by the sudden termination of it without notice, the jury might deduct the amount of the injury. On arguing the exceptions it was contended that the contract, being for the infant's benefit, was binding, and that the doctrine of entirety of contract applied to infants as well as adults. The court held the charge correct, that the jury should give what *under all the circumstances* the services were worth, making allowance for any injury, and that that was the reasonable and lawful course.

It is claimed that the case of *Moses* v. *Stevens* was overruled in Massachusetts by the case of *Vent* v. *Osgood*, 19 Pick. 572. In

the last case the plaintiff, a minor, shipped as a seaman for a voyage, and deserted before the end of the voyage, without fault on the part of the master, and sued for his wages. The plaintiff claimed on *quantum meruit* for his services. The defendant contended that the effect of the minor's avoidance of the contract was prospective only, and that as he had not performed it he could not recover for past services, and *Weeks* v. *Leighton*, 5 N. H. 343, was cited as authority for applying the doctrine of entirety of contract to a minor as well as to an adult. These were the facts and the points made, and no claim was made for a deduction for damages as was made in *Moses* v. *Stevens*. The points presented to the court were essentially different. So far from its being overruled in Massachusetts, the doctrine of *Moses* v. *Stevens* is recognized in *Gaffney* v. *Hayden*, 110 Mass. 137, and in *Breed* v. *Judd*, 1 Gray, 455. Thomas, J., in delivering the opinion of the court, says that the only question in the case was the question of the entirety of the contract; and that if a case like *Vent* v. *Osgood* should again arise, " the grounds on which its decision is based might need reconsideration." See also as to this case of *Vent* v. *Osgood*, remarks in *Medbury* v. *Watrous*, 7 Hill N. Y. 110, 115.

In the case of *Judkins* v. *Walker*, 17 Me. 18, the court lay down the rule to be in cases of suits for services, to allow for the benefit conferred beyond any injury occasioned, just as if there had been no special contract. " This secures to each what may be proved to be equitable and fair under all the circumstances."

In the case of *Thomas* v. *Dike*, 11 Vt. 273, the court, by Williams, C. J., say that they are inclined to adopt the rule of *Moses* v. *Stevens*, and that in a community where so much work and labor is done by persons under age, it would be unsafe if it was not adopted; and in *Hoxie* v. *Lincoln*, 25 Vt. 206, the court, by Redfield, C. J., in their opinion quote and approve the rule recognized in *Thomas* v. *Dike*, that the minor is to recover for his services " what they are reasonably worth, taking into consideration the injury to the other party."

Of the New Hampshire cases cited, *Weeks* v. *Leighton*, 5 N. H. 343, seems to have been decided on the ground, formerly so generally applied, of entirety of contract and precedent condition. It was there held, the minor could not recover if he left the de-

fendant's service before the expiration of the time. In *Britton* v. *Turner*, 6 N. H. 481, the court decided against applying this doctrine even in case of an adult, thus impliedly overruling the case of *Weeks* v. *Leighton*, and allowed the plaintiff to recover on a *quantum meruit.* And in *Lufkin* v. *Mayall*, 25 N. H. 82, the court expressly overrule *Weeks* v. *Leighton*, and hold, that as under *Britton* v. *Turner* an adult is allowed to recover on a *quantum meruit*, after allowing a fair indemnity, it is still more just to apply the rule to the case of a minor plaintiff. The rule thus laid down amounts to no more than this; that he is to recover the reasonable worth of his services to the defendant, which would necessarily include a consideration of any injury done, and as so stated it is reasonable and well supported by the authorities.

On the other side, against allowing any deduction, are *Whitmarsh* v. *Hall*, 3 Denio, 375, and *Derocher* v. *Continental Mills*, 58 Me. 217.

In the latter case the plaintiff had agreed to work in a mill for at least six months and not to leave without giving two weeks' notice. She worked a part of the time and left without notice. The court say the question is whether she is liable to have the damage occasioned by not giving the notice deducted. "To compel the minor to make good the loss occasioned by non-performance of his contract is virtually to enforce the contract." No suit could be maintained against the infant for a breach of it, they say, and to allow a deduction for damages seems to be equivalent to that. And they held that the true rule was that of *Robinson* v. *Weeks*, 56 Me. 102.

On this we remark that no case has held that damages must be deducted for not giving any notice specially contracted for or not working out the whole time of the contract. But it is a very different thing to hold that there being no binding contract the plaintiff may recover a reasonable compensation, deducting for any injury done. And the rule of *Robinson* v. *Weeks* was laid down in a case of money paid out and not of services performed.

While we think, therefore, that in cases of work and labor done the weight of authority is in favor of the rule as stated by Redfield in *Hoxie* v. *Lincoln*, 25 Vt. 206, there is no such reason for deduction in the case before us.

The present suit is to recover money paid. If the minor had received any consideration or benefit whatever it would come within another class of cases. But he has received neither. And we think the principles on which *Robinson* v. *Weeks*, 58 Me. 102, and *Medbury* v. *Watrous*, 7 Hill N. Y. 110, were decided apply to it.

The motion for a new trial must therefore be denied.

*Exceptions overruled.*

*Rollin Mathewson & Nathan W. Littlefield*, for plaintiff,
*Nicholas Van Slyck & Henry J. Dubois*, for defendant.