DANVILLE *v*. THE AMOSKEAG MANUFACTURING COMPANY.

In an action by a minor to recover compensation for his labor, it is no
defence that the labor was performed under a contract with his
employers not to leave their employ without giving two weeks' notice,
and, in default thereof, to forfeit to them a certain amount of wages.

ASSUMPSIT, to recover for two weeks' labor for the defendants.
Plea, the general issue. Facts found by the court. The plaintiff is
a minor. She entered the service of the defendants October 18,
1881, and left it January 1, 1882, and the services for which she
seeks to recover were rendered during the two weeks immediately
prior to and including the day last named. When she entered
their service she signed the following contract, to which was an-
nexed a copy of the rules referred to in it.

"Manchester, N. H., October 18, 1881. In consideration that
the Amoskeag Manufacturing Company have agreed to employ
Philomene Danville in their mills, I hereby agree that its rules are
a part of this agreement, and to give said company two weeks'
notice of my intention to leave their employment. And if I shall
leave before the expiration of said two weeks' notice, or without
giving and working out said notice, then I agree to forfeit to them
two weeks of my wages, or so much not exceeding two weeks of
my wages as may then be due me." The defendants supposed
when they employed the plaintiff that she was of age. She left
their employ without notice and without cause.

On the foregoing facts the court ordered judgment for the
defendants, to which the plaintiff excepted, and filed this bill of
exceptions.

*O. S. Cormier*, for the plaintiff.

*Cross & Taggart*, for the defendants.

BLODGETT, J. Valid contracts may undoubtedly be made
between master and servant, requiring the latter to give notice of
an intention to quit a certain time before leaving, and that, in
default thereof, he shall forfeit all wages that may be due him;
but the forfeiture is not incurred and does not apply in cases
where the breach is involuntary on his part, or is occasioned by
causes over which he has no control (*Fuller* v. *Brown*, 11 Met.
440, *Hughes* v. *Wamsutta Mills*, 11 Allen 201, *Harrington* v.
*Iron Works Co.*, 119 Mass. 82); nor is such a contract binding upon
a minor. *Lufkin* v. *Mayall*, 25 N. H. 82; *Derocher* v. *Continental
Mills*, 58 Me. 217—*S. C.*, 4 Am. Rep. 286; *Vent* v. *Osgood*, 19
Pick. 572; *Gaffney* v. *Hayden*, 110 Mass. 137; *Medbury* v.
*Watrous*, 7 Hill, N. Y., 110; *Whitmarsh* v. *Hall*, 3 Denio 375;

*Thomas* v. *Dike*, 11 Vt. 273 ; *Ray* v. *Haines*, 52 Ill. 485 ; *Baylis* v. *Dineley*, 3 M. & S. 477 ; *Fisher* v. *Mowbray*, 8 East 330.

The plaintiff is therefore entitled to so much compensation as, under all the circumstances, she reasonably ought to have, without any deduction of damages for the breach of the contract on her part ; in other words, her claim is to be heard and determined as if no such contract had been made.

*Exceptions sustained.*

STANLEY, J., did not sit : the others concurred.