IN·THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE. OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1837, IN THE TWENTY-·SECOND YEAR OF THE STATE.

### HARNEY, an Infant, &c. *v.* OWEN.

An indenture of apprenticeship executed by a minor is not binding on him at common law; nor is it binding on him under the statute of this state, unless sanctioned by a parent or guardian.

If a minor, on the ground of his infancy, rescind a contract which had been fairly executed, and which was apparently to his advantage, he cannot afterwards sue for the money or property advanced, or labour performed, by him under such contract.

ERROR to the *Rush* Circuit Court.

<em>Monday,<br>November 27.</em>

DEWEY, J.—Assumpsit for work and labour. The cause was tried by the Circuit Court upon an agreed case. Judgment for the defendant.

The facts are these. The plaintiff and defendant entered into a contract under seal, by which the plaintiff bound himself as an apprentice to the defendant, and agreed to serve him until full age. The defendant covenanted to board, clothe, and instruct, &c. the plaintiff, and at the end of his term of service to give him property to the amount of 60 dollars. At the time of making the contract the plaintiff was, and still is, a

43

Nov. Term, 1837.

HARNEY
v.
OWEN.

minor, without either parent or guardian; he served the defendant under the contract eight and a half months, and then left his service without his knowledge or consent, and commenced this suit for his labour. The services rendered by him were worth 50 dollars, and he received 31 dollars in necessaries of the defendant, while he lived with him.

We have no difficulty in deciding, that articles of apprenticeship entered into by a minor are not binding upon him at common law; and it is equally clear, that the contract in this case is not obligatory upon the plaintiff under the statute of this state, for the want of the sanction of a parent or guardian. It is such a contract as the minor had a right to disaffirm at his pleasure. This right has been exercised by his abandonment of the service of his master, and by commencing this action for his work. But whether having thus rescinded the contract, he is entitled to recover for services rendered under it, upon an implied assumpsit, is a question with regard to which the decisions of Courts have not been uniform. We believe the sounder principle, and the preponderance of authority to be, that, when a minor enters into a contract, apparently to his advantage, and which has been obtained from him fairly, without any attempt to mislead his judgment, or to impose upon his inexperience, and he chooses to rescind it after having received in part, or in full, the consideration stipulated by the contract, he does not thereby acquire the right of sustaining an action for what he may have advanced under it, whether such advance be in labour, property, or money; and that to suffer him to do so, would be enabling him to practise upon others that fraud and imposition, against which his privilege of infancy was designed to protect himself,—that it would be placing in his hands "a sword and not a shield." *Badger* v. *Phinney*, 15 Mass. 359.—2 Kent's Comm. 240, 2d ed,—*Holmes* v. *Blogg*, 8 Taunt. 508.—*M'Coy* v. *Huffman*, 8 Cowen, 84.—*Weeks* v. *Leighton*, 5 New Hamp. 343.—*Stone* v. *Dennison*, 13 Pick. 1.

The contract in the record was evidently advantageous to the minor. It provided for his necessities whether he should be able to labour or not, and guarded his morals by securing to him instruction in a useful occupation. That the services rendered by him happened to exceed in value, the articles with which he had been furnished at the time he saw fit to disaffirm

the contract, did not change its beneficial character. And there is no pretence that it was procured by undue means.

*Per Curiam.*—The judgment is affirmed. The costs to be paid by the *prochein amy.* To be certified, &c.

*J. Perry*, for the plaintiff.

*O. H. Smith*, for the defendant.