## MOSES JUDKINS *vs.* SETH WALKER & *al.* & *Trustees.*

A contract of service entered into by an infant is not binding upon him.

If an infant enter into a special contract for his services for an agreed time, by
which he is to be paid a certain sum for the whole term of service at the ex-
piration thereof, and after having partially performed the contract, volunta-
rily leave the service without the consent or fault of his employer, the con-
tract is avoided, and the parties stand in the same relation to each other as
if the transactions had taken place without any contract; and the infant
may recover on an implied promise the value of his services, taking into
consideration any benefit received and any injury occasioned by him.

*Sprague Keen* summoned as the trustee of *Elbridge G. Snell,*
one of the defendants, disclosed, that *Snell* came to live with him
when he was about three years of age, and remained with him
until he was about eighteen years of age, and was then about to
leave unless there was some agreement, when it was agreed be-
tween them, that *Snell* should work with *Keen* until he should be-
come twenty-one years of age, and was to receive a yoke of oxen, a
cow, a yearling colt, two pairs of sheep, and two suits of clothes
for his services until that time. The trustee stated, that four and
an half months before his time was out, he left *Keen* and broke his
agreement without the consent or approbation of *Keen.* The
trustee stated, that he did not consider himself bound to pay *Snell*
any thing, as he had broken his agreement. The trustee admitted,
that if no agreement had been made, that a sum would have been
justly due from him to *Snell* for his services. The father of *Snell*
left the State when the boy was but a year old, and has not been
here since, and *Elbridge* had acted for himself since that time.

*J. C. Woodman,* for the plaintiff, contended, that the trustee
ought to be charged. *Snell* is entitled to recover the fair value of
his earnings of the trustee. The special contract is no bar. *Moses*
v. *Stevens,* 2 *Pick.* 332 ; *Freto* v. *Brown,* 4 *Mass. R.* 675 ; *Ba-
ker* v. *Lovett,* 6 *Mass. R.* 78 ; *Bac. Abr. Infancy, I* (3.) Where
the principal can maintain an action for a debt due him, the trustee
will be chargeable. 7 *Mass. R.* 438 ; 9 *Mass. R.* 537 ; 5 *Mass.
R.* 214 ; 5 *Pick.* 178. The contract of an infant, except for ne-
cessaries, is absolutely void. 1 *Com. on Con.* 152 ; 9 *Cowen,*
626 ; 4 *Day,* 57 ; 4 *Conn. Rep.* 376. But if the contract was

voidable only, it was avoided by *Snell's* voluntarily leaving *Keen* before the time expired, and against his consent. 3 *Bac. Ab. Infancy, I* (5) ; 1 *Com. Con.* 2 & 8. The trustee must therefore be charged, as he admits his liability, if he cannot protect himself under the special agreement.

*Dunn,* for the trustee, contended, that the contract between the supposed trustee and *Snell* was definite and certain, that if *Snell* would work until the expiration of the time agreed, he would pay and deliver him a certain quantity of stock. As *Snell* left without cause before the time of service was completed, *Keen* is not bound to pay any thing.

The opinion of the Court was by

SHEPLEY J. — It appears from the answers of the trustee, that the defendant, *Snell,* being a minor made a special contract to labor for him upon certain terms until he was of age, and that he broke his contract and left the service without cause. He admits, that if liable to pay on a *quantum meruit,* he might be charged, but resists payment on the ground, that he is not legally liable.

Whether an infant may avoid his contract, and recover back money paid, or on a *quantum meruit* for services performed under it, has occasioned a difference of opinion in judicial tribunals. In *Holmes* v. *Blogg,* 8 *Taunt.* 508, it was decided, that he could not recover back the money paid, where he had enjoyed any benefit from the payment of it.

In *M'Coy* v. *Huffman,* 8 *Cow.* 84, and in *Weeks* v. *Leighton,* 5 *N. H.* 343, it was decided, principally on the authority of *Holmes* v. *Blogg,* that under such circumstances the infant could not recover.

In *Moses* v. *Stevens,* 2 *Pick.* 332, it was decided, that he could recover on a *quantum meruit* for services performed under a special contract after he had avoided it.

In *Corpe* v. *Overton,* 10 *Bing.* 252, it was decided, that he might recover, when he had not received a benefit from the payment, and the general expressions to the contrary in *Holmes* v. *Blogg* were disregarded or overruled. It appears to have been admitted in all these cases, that the infant may avoid the special contract. And if he may and in fact does avoid it, it would seem,

that the parties then stand in the same relation to each other, as they would, if the transactions had taken place without any contract. And if no contract the infant might recover for what benefit he had conferred beyond any injury occasioned and benefit received. It is not perceived, that to allow an infant to recover upon these principles is justly liable to the objection, that it permits him to change one contract into another at his election ; for the recovery is had upon the ground that there never was, and is not now, any legal or binding contract, except what the law supplies, none of the infant's making. Nor does it appear to arm the infant with an instrument of mischief, or to act unjustly upon the other party, ·for it secures to each what may be proved to be equitable and fair under all the circumstances.

In this case the infant having avoided the contract, and the trustee having admitted, that he derived a benefit from his services beyond any injury suffered and payments made, is to be considered as liable for such admitted balance.

*Exceptions sustained and trustee charged.*

NOTE by the Reporter. The opinion of the Court in *Lewis* v. *Littlefield*, 15 *Maine Rep.* (3 *Shepley*,) 233, was delivered when EMERY J. was not present, being then employed in holding the Court in another county. When the case was published, the Reporter had not known, or did not recollect, that the opinion had not the assent of all the Court. Since the publication of that volume, the Reporter has been favored with the following dissenting opinion by

EMERY J. — As an abstract proposition that an action of trover might be sustained against an infant, the instruction would be correct. But in my judgment, in this case as reported to us by the Chief Justice, the exceptions ought to be sustained. The very general instruction, that infancy is no bar to the maintenance of this suit, seems to me to draw with it consequences calculated to take from infants the protection which ought to be thrown around them. It is the case of a minor stakeholder, appointed by two persons of full age, of the sums of money, by those two persons placed in the hands of the infant, to be paid to the winner in a foot race. Did not this necessarily include and raise a promise on the minor's part to pay over those sums to the winner ? And was it not received by the minor under the faith and expectation that these depositors

mutually promised and engaged to him that he should so act? And he paid it over agreeably to the original stipulation of the parties. The plaintiff however requested the minor not to pay over the money to the winner, before he did actually pay it over to him. And this action of trover is brought against the infant. Why is the action of trover adopted?

It was long ago decided, that if money be delivered to another to deliver to I. S. or to the use of I. S. there I. S. should not have action of debt, but account only. Where delivered to be paid to I. S. which is intended in satisfaction of a debt, there it is not countermandable, and he who is to receive it may upon this receipt have an action of debt or account. The bailor may have debt or account. *Harris v. Beevoir, Cro. Jac.* 687.

Where goods or money are deposited by A. with B. for the benefit of C., upon a precedent consideration, the deposit is not revocable, though in cases where the deposit is made, without a precedent consideration, it is. 2 *Leon.* 30, 31, *Clarke's Case ; Dyer,* 49 ; 4 *Burr,* 2239, *Alderson v. Temple.*

Assumpsit lies against a bailee without reward. *Tracy & al.* v. *Word,* 3 *Mason,* 132. Paying bill in one's own wrong gives a right to recover in an action for money had and received. *Whitefield* v. *Savage,* 2 *Bos. & Pul.* 277.

It is evident then, that redress could have been effectually sought in debt, account or assumpsit, against the defendant, if he had not been a minor. See 4 *Camp.* 37, 157 ; 8 *B. & C.* 221 ; 1 *C. & M.* 797 ; 5 *T. R.* 405 ; 4 *Taunt.* 474.

Is this such a contract as the Court would uphold? Can it upon its face be for the benefit of the infant? Can justice be promoted by permitting the party who has led the infant into the predicament of a depository in a gambling transaction, to turn round, and by changing *the form of the action,* hold the infant responsible for a mistake of judgment as to his own liability to hand over the property on a contingency which happened in exact conformity to the first direction of the plaintiff?

In *Story on Bailments,* upon the subject of deposit, *page* 35, " He says, in respect to the persons by and between whom it may be made, it is not distinguishable from other contracts in this respect. Infants, married women, and other persons laboring under

personal disability, cannot be bound as depositers or depositaries; *though other persons may be so bound to them. If an infant receives a deposit, he is bound by the general principles of law to restore it, if it is in his possession or control;* but he is not responsible if he loses it. He may become responsible for any *wrong he does to it;* but he is not responsible upon the contract, unless it be a necessary contract, and manifestly for his benefit."

In *Tucker & al.* v. *Moreland,* 10 *Peters,* 77, in the course of the opinion delivered by Justice *Story,* he says, " in many cases, the disaffirmance of a deed made during infancy is a fraud upon the other party. But this has never been held sufficient to avoid the disaffirmance, for it would otherwise take away the very protection which the law intends to throw round him to guard him from the effects of his folly, rashness and misconduct. What is meant by the assertion, " that other persons may be bound to infants as depositaries?" Should it be to abstain from all suits against them in relation to the deposite, and in such a case as this to litigate only with the winner? In equity stakeholders are permitted to pay money into Court to obtain injunction. *Mitchel* v. *Wayne,* 2 *S. & S.* 63; *Yates* v. *Fairbrother,* 4 *Mod.* 239.

But the counsel for the plaintiff yields the point that the defendant is not to be holden on the contract. I am not informed that there is *a solitary case of an infant depositary being subjected to a suit in trover, for paying money over to a winner in a gambling transaction.* It is to be presumed that there will not be another.

The case of *Vasse* v. *Smith,* 6 *Cranch,* 226, was decided in 1810, and C. J. *Marshall* says, " should it be admitted that an infant is not chargeable with a conversion made by mistake, this testimony ought still to have been left to a jury."

This present seems to me precisely the case, in which it is *the duty of the Court to apply the protection to the infant, and save him from the consequences of his rashness and folly in yielding to the solicitations of older men to become their stakeholder; and not permit the form of action to bring him into trouble for a mistake as to his rights, duties, and seeming liabilities.*

For these reasons, it appears to me, that the exceptions should be sustained, the verdict set aside, and a new trial granted. If on that trial, nothing further should be shown than is now reported, I think the plaintiff should become nonsuit.