### WHEATLY *v.* MISCAL, by his next friend, &c.

An infant who has engaged to serve for a specific period and has quit before the expiration of his term, may recover for the value of his service up to the time he quit.

ERROR to the *Jefferson* Circuit Court.

STUART, J.—Assumpsit by *Miscal*, commenced before a justice of the peace. Verdict and judgment for 45 dollars. *Wheatly* appealed to the Circuit Court. Verdict and judgment in favor of *Miscal* for 42 dollars and 50 cents. Motion for a new trial overruled, and the evidence set out in a bill of exceptions.

It appears that *Miscal* and *Wheatly* made a contract, whereby the former was to work on the farm of the latter for four years; and that *Wheatly*, in consideration thereof, was to furnish *Miscal* boarding, clothing, washing, mending, and three months' schooling every winter; and at the close of the four years to pay *Miscal* 100 dollars. Under this contract *Miscal* worked a year. During that period, it

appears that *Wheatly* furnished an every day and a *Sunday* suit of clothes, sent him to school, as agreed, and attended him kindly while sick. The evidence shows that the parties were mutually well satisfied with each other. At the end of the year, *Miscal* left, giving as a reason that he was not receiving wages enough under the contract. He then brought suit claiming for twelve months' work and labor, at 7 dollars per month. At this time *Miscal* was a minor sixteen or seventeen years old. There is a variety of evidence in relation to the value of the services, varying from 6 dollars per month to simply his board and clothing.

We are referred to *Harney* v. *Owen*, 4 Blackf. 337. The two cases are not to be distinguished from each other, save that this contract is more advantageous for the minor than that. It is there held, that if a minor rescind a contract which had been fairly made, and which was apparently to his advantage, he can not afterwards sue for the labor performed by him under such contract. To suffer him to do so, say the Court, would be enabling him to practise upon others that fraud against which his privilege of infancy was designed to protect himself; it would be placing in his hands a "sword and not a shield."

These are weighty considerations, inculcating that integrity more valuable to the infant than any pecuniary advantage. And yet the doctrine is not to be reconciled with that held by the same distinguished judge in *Lomax* v. *Bailey*, 7 Blackf. 599. The principle first intimated in this case, that when under a special contract there is part performance, of value to the other party, the latter will be liable in an implied assumpsit to the extent of such value, has since been repeatedly held, after a careful consideration of the authorities. *McKinney* v. *Springer*, 3 Ind. R. 59.— *Epperly* v. *Bailey*, *id.* 72.— *Coe* v. *Smith*, 4 *id.* 79. The case of *Swift* v. *Williams*, 2 Ind. R. 365, is the only decision lately made inconsistent with this doctrine, and that seems to have been an inadvertence.

The minority of the plaintiff below is the only feature which distinguishes *Harney* v. *Owen*, and the case at bar, from the numerous cases which follow the lead of *Lomax*

May Term,
1854.

WHEATLY
v.
MISCAL.

v. *Bailey*. The mere fact of infancy can not be regarded as a sufficient reason why *Miscal* should be deprived of so equitable a rule. If his services were of value to his employer, he is entitled to recover accordingly. The cases above cited must be regarded as overruling *Harney* v. *Owen*, as to an infant's right to recover.

There is a still later case, directly in point, which overrules the doctrine held in *Harney* v. *Owen*, though it does not refer to that decision in terms. The facts are these. *Dallas* contracted with *Hollingsworth* to work six months; and if he failed to work out the time, he was to receive no pay. After he had worked three months, he left, without assigning any reason, and sued for his labor at 13 dollars per month. The Court (Judge *Blackford* delivering the opinion) held that *Hollingsworth* was liable in an implied assumpsit for the value of the services rendered. *Dallas* v. *Hollingsworth*, 3 Ind. 537 (1).

*Per Curiam*.—The judgment is affirmed, with 5 per cent. damages and costs.

*J. R. Troxell*, for the plaintiff.

(1) Since the foregoing opinion was delivered, the following pertinent observations and authorities have been met with, viz.:

"If services have been performed by the infant, in partial or entire execution of an express contract, and he avoids the contract, he may recover in *quantum meruit* the value that his services have been upon the whole state of the case. *Moses* v. *Stevens*, 2 Pick. 332.—*Vent* v. *Osgood*, 19 *id*. 572.—*Voorhees* v. *Wait*, 3 Green 343.—*Thomas* v. *Dike*, 11 Vt. 273.—*Judkins* v. *Walker*, 17 Maine 38.— *Medbury* v. *Watrous*, 7 Hill 110.

"The case of *McCoy* v. *Huffman*, 8 Cowen 84, (upon the authority of which *Weeks* v. *Leighton*, 5 New-Hampshire 43, and *Harney* v. *Owen*, 4 Blackf. 337, were decided), denied the right of recovery where money has been paid or services performed under a contract which is afterwards avoided; but this case was grounded on *Holmes* v. *Blogg*, 8 Taunton 508, which is essentially overruled by *Corpe* v. *Overton*, 10 Bingham 252. In the latter case it is held, that an infant having avoided a contract from which he has received no benefit, may recover back the money which he has paid under it; and in *Medbury* v. *Watrous*, the case of *McCoy* v. *Huffman* is itself expressly overruled, leaving the *New-Hampshire* and *Indiana* cases without any support from authority." 1 Am. Leading Cases 115.