DOWNEY *et al.*, Respondents, v. BURKE, Appellant.

1. Where there is a special contract to do certain work, and there is a failure to perform the work according to the contract, there can be no recovery had upon the contract.
2. Where, however, useful labor is actually performed, and is received by the employer, an obligation is thereby created to pay the reasonable value of the services rendered, taking into consideration and making allowance for the damage resulting from the breach of the contract.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action originally commenced before a justice of the peace. The account filed before the justice was for work done and materials furnished in the construction of a stone wall by plaintiffs. The cause was, appealed to the Law Commissioner. The performance of the work was proved on the trial, and its value; also that during its progress defendant made payments upon the same. There was also evidence tending to show a failure on the part of plaintiffs to perform the work according to contract, in that the wall, when built, did not correspond with the grade of the street, as it was agreed it

Downey v. Burke.

should. The cause was tried by the court sitting as a jury. The following instruction or declaration of law was asked by the defendant and refused by the court : " If the court, sitting as a jury, finds from the evidence that plaintiffs made a contract with defendant to build a good substantial wall, even with the grade of the street, on defendant's lot, in St. Louis, and that plaintiffs failed to perform their contract, plaintiffs can not recover."

Judgment was rendered for plaintiffs. Exceptions were duly taken by defendant. Defendant appealed to this court.

*A. W. Lewis*, for appellant.

*C. C. Carroll*, for respondents.

LEONARD, Judge, delivered the opinion of the court.

There was no error in the refusal of the defendant's instruction that, " If there were a special contract and the plaintiff had failed to complete the work, he could not recover." Where there is a special contract, and the *job* is to be paid for, the party who has failed to comply, on his part, certainly has no right of action *upon the contract*, and, in such case, if there be nothing more in the transaction, the express contract excludes any implied contract. It is, however, generally true in morals, that one who is made richer by the act of another, done without any purpose of donation on the part of the latter, and which the former has accepted, ought to recompense the party, at least so far as he himself is a gainer ; and the legal doctrine laid down in Britton v. Turner, ( 6 New Hampshire, 481,) is, we think, a just application of the principle of morality to transactions of this character. When a party is to pay upon a special contract, he is not liable till the money is earned according to the agreement, and the law will not imply a contract different from that which the parties have entered into, except upon some further transaction between them. In case of nonperformance, if the nature of the case be such that the employer can reject what is done, he is entitled to do so, and the

party performing the labor can n t recover any thing ; but if the employer actually receive useful labor and thereby derive a benefit beyond the damage resulting from the breach of the contract, the labor done and the benefit derived from it produce an obligation to pay to the extent of the reasonable worth of the excess ; and this rule is equally applicable, whether the labor was received by the assent of the party before the breach, under a contract by which, from its nature, the party was to receive the labor from time to time, until the completion of the whole contract, or whether it was received subsequent to the performance of all which was in fact done.

It did not follow, therefore, in the present case, that the plaintiff could not recover upon the transaction, although there were a failure to complete the special contract, if the defendant accepted the defendants' labor and materials, and was himself a gainer thereby beyond the damage he sustained from the plaintiffs' breach of the agreement. The judgment is accordingly affirmed.