## LOWE, Appellant, v. SINKLEAR, Appellant.

1. Where there is a special contract to do certain work and the contractor fails to perform the work according to the terms of the contract, no recovery can be had by him on the contract.

2. If, however, services are rendered by him which are of value to the person with whom he contracts and are accepted by such person, an obligation is thereby created to pay the reasonable value of such services, not exceeding the contract price, taking into consideration and making allowance for any damage resulting from the breach of the contract.

3. If a minor enter into a special contract to do certain work, he may avoid such contract and may recover a reasonable compensation for the work done, the damage resulting from the avoiding of the contract being taken into consideration and allowed.

*Appeal from Ralls Circuit Court.*

This was an action before a justice of the peace to recover five dollars and fifty cents for three weeks and four days' board furnished by plaintiff to defendant. The defendant admitted the demand of the plaintiff, but set up an off-set (exceeding, after allowing credits, the demand of plaintiff in the sum of eighty-one dollars and sixty-five cents) for work and labor done and performed by him in clearing for plaintiff eleven acres of new ground at the rate of eight dollars per acre. At the trial on appeal in the circuit court, it appeared in evidence that the plaintiff Lowe employed one Weaver to clear about fourteen acres of land at the price of eight dollars per acre, to be paid after the clearing was completed. Weaver employed Sinklear to assist him in the clearing. Weaver and Sinklear cleared a portion of the land, when Weaver sold out the contract to Sinklear. The evidence tended to show that Lowe agreed that Sinklear should be substituted in the place of Weaver. Sinklear cleared a large portion of the land, which was immediately put in cultivation by Lowe. Whilst engaged in the performance of this contract Sinklear boarded for several weeks at the house of plaintiff Lowe. Sinklear did not complete the clearing according to the contract. Sinklear, at the time of the performance of the work embraced in his set-off, was under the age of twenty-one years. The court, at the instance of the plaintiff, instructed the jury as follows : " 1. If the jury find from the evidence that Mr. Weaver agreed with plaintiff to clear for plaintiff all the land in a certain field or enclosure, and that plaintiff agreed with said Weaver to pay him for said clearing at the rate of eight dollars per acre, and that it was agreed between plaintiff and Weaver that plaintiff was not to pay for said clearing until the whole was completed ; and if the jury further find that said Weaver transferred his interest in said contract to the defendant, and that defendant did the work mentioned in his set-off under said contract and transfer, then the defendant can not recover for

said work if he failed to clear all the land in said field."
Certain instructions asked by defendant, with respect to the
effect of the infancy of defendant, were refused.

The jury found for the plaintiff.

*J. B. Henderson*, for appellant.

I. The defendant was entitled to recover what his services
were reasonably worth. (Downing v. Burke, 23 Mo. 228;
Lee v. Ashbrook, 14 Mo. 378; Britton v. Turner, 6 N. H.
481.) The defendant, being an infant, was not bound by the
terms of the special agreement. (2 Pick. 332; 11 Verm.
273; 19 Pick. 572; 17 Maine, 38; 23 Pick. 492.)

*Seaford*, for respondent.

I. The instruction given was correct. (23 Mo. 265, 228.)
The instructions asked by defendant were properly refused.
The plaintiff made no contract with Sinklear. This contract
was with Weaver. If Weaver could not recover, Sinklear
could not. Sinklear did not repudiate the contract. He
demands pay for eleven acres cleared by him at the contract
price. His infancy can avail him nothing in this case. If
the plaintiff is responsible to any one, it is to Weaver.

RICHARDSON, Judge, delivered the opinion of the court.

Assuming that the defendant was substituted in Weaver's
place in the contract for clearing land, the case must be con-
sidered in two aspects: first, as to the defendant's right to
recover on his set-off for any portion of the work that was
completed before the substitution; and secondly, for the
work subsequently performed. As to the work done before
the assignment of the contract, the defendant seeks to re
cover as the representative of Weaver, and for that much he
can not of course recover, unless he makes a case that
would authorize Weaver to maintain an action if he were
suing. If Weaver failed to perform the work according to
the stipulations of his agreement, he could not recover in an
action on the special contract; but if services were rendered

by him which were of value to the plaintiff and were accepted by him, he would be liable to pay the actual value of the work performed, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the contract. (Lee v. Ashbrook, 14 Mo. 378; Downey v. Burke, 23 Mo. 228.) It has however been said that this doctrine does not apply to the case of a servant hiring himself for a certain period, as for an entire year, at a fixed sum for the year.

From the time of the agreement between the parties that introduced the defendant, the contract became one between the plaintiff and defendant, and, being executed for personal services and not for necessaries, the defendant, if he was a minor, had the right to avoid the special agreement and to recover a reasonable compensation for the work which he did after allowing for any injury the plaintiff sustained by the avoiding of the contract. (Chitty on Cont. 579, note; Medbury v. Watraus, 7 Hill, 110; Moses v. Stevens, 2 Pick. 332.) The case of McCoy v. Huffman, 8 Cow. 84—on the authority of which the case of Weeks v. Leighton, 5 N. H. 343, and Owen v. Black, 4 Black. 338, were decided—is expressly overruled in 7 Hill, 110.

The instruction which the court gave was erroneous, and the judgment will be reversed and the cause remanded; the other judges concurring.