WILLIAM GAFFNEY *vs.* JOEL HAYDEN & others.

An infant who has contracted with manufacturers to work for them for three years, can avoid the contract, and sue on a *quantum meruit.*

CONTRACT for work and labor performed by the plaintiff during the months of April and May 1870. Writ dated October 5, 1871. Trial at June term 1872 of the Superior Court, before *Brigham*, C. J., who, after a verdict for the plaintiff for $37.52, allowed the following bill of exceptions :

" The plaintiff was a minor at the time of the trial. He testified that he went into the employ of the defendants in January 1870 and left May 19, 1870 ; that he left for no other cause than that he did not like the work, and could earn more elsewhere ; that all the work he did for the defendants was piece work ; that the work was grinding bibbs, and he was to have nine cents for all bibbs ground by him which passed inspection ; that he knew there was an inspector, and that he could get no pay except for such pieces as passed inspection ; that he entered into the employment as aforesaid, and signed a written contract with the defendants," a copy of which was made part of the bill of exceptions, and by which he agreed to work for the defendants for three years from January 1, 1870, at brass finishing, and to do such kinds of work as they might see fit to furnish, and the defendants agreed to pay him the same as they paid others for the same kind of work ; " that immediately he had his choice between day work and piece work, and chose piece work, and always did it while he remained with the defendants ; that his services were worth to the defendants $1.50 per day, for the time he worked, and for which he had not been paid ; that he worked thirty-five days, but all these days he was at piece work as aforesaid, and never did any day work for the defendants.

" One Chamberlin, called as a witness by the plaintiff, testified that the services of an ordinary grinder, of the plaintiff's experience, were worth $1.00 per day; but that such services would be worth nothing at piece work more than the amount of

pieces that passed inspection ; and that what did not pass inspection had to be sent back to be recast or refitted, and would be of no value until it did so pass inspection. The plaintiff offered no evidence to show that any of his work passed inspection.

" The defendants introduced evidence of their paymaster and their pay roll, by which it appeared that $3.65 was the total amount of the plaintiff's work which passed inspection during the period in controversy ; that the amount which passed inspection was returned by the inspector and credited to the different parties ; that the plaintiff's work had been returned in this manner, in January, February and March, and the plaintiff had drawn and received his compensation, so returned and made up, to wit : $14, $17 and $35 respectively, and had signed receipts therefor.

" The overseer in the room where the plaintiff worked testified that all of his work which passed inspection was returned into the office and appeared upon the pay roll ; that it was injurious to the defendants to have the plaintiff terminate his contract as he did ; that the early months of an inexperienced workman are worth but little at any kind of the work of such a manufactory ; that, taking into consideration the injury caused by the plaintiff's leaving as he did, the defendants had paid him all his services were worth ; that the services of a grinder of the same experience and qualifications as the plaintiff would be worth 75 cents to $1.00 per day ; and that he had charge of the plaintiff's work during the time in question, and did not notice any less efficiency or faithfulness than in the former months. This was all the evidence upon the questions raised by this bill.

" The defendants requested the judge to rule, 1. That the action could not be maintained under the declaration ; 2. That there was no evidence of the value of the plaintiff's services except the value of the piece work ; 3. That the plaintiff could not recover for the value of the piece work except that which passed inspection, unless the work was unfairly rejected ; 4. That if the jury believed that the plaintiff's services were worth no more than the amount that passed inspection, then that he could recover only for that amount ; 5. That there was no evidence that more than $3.65 worth passed inspection ; 6. That the jury had a

right to consider the injury to the defendants by reason of the sudden termination of the contract.

" The judge ruled otherwise upon all the aforesaid prayers, except the fourth, which he gave. As to the sixth, he gave the following instructions : ' The plaintiff is entitled to recover such sum for his services as he would be entitled to if he had entered into no express contract for his labor, and the defendants cannot set off against such sum any damages they may have sustained by the plaintiff's avoidance of his express contract, or reduce that sum below the actual value of his services because he left the defendants' employ before the time specified in the written contract ; but in determining the value and gain of the plaintiff's services to them, the loss which the defendants received in consequence of the plaintiff's inexperience and leaving their service sooner than he gave them reason to expect, may be considered as reducing the value of that service to the amount which the plaintiff had received from the defendants. The practical question is what, upon the whole, considering the defendants' gain and loss from the plaintiff, indicates the worth of the plaintiff's service.' To all which the defendants excepted."

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the defendants.

*G. D. Robinson*, for the plaintiff.

MORTON, J. This is an action of contract to recover for work and labor performed by the plaintiff for the defendants in the months of April and May 1870. The plaintiff is a minor. It appeared at the trial that he went into the employment of the defendants in January 1870, under a special contract to work for three years ; that his work was " grinding bibbs ; " that he agreed to work by the piece and was to receive nine cents for each bibb which passed inspection ; and that he left in May 1870. The defendants put in evidence to show that the work of the plaintiff which passed inspection during the time covered by the writ was only $3.65, and claimed that he could recover only that amount. The court ruled in effect that the plaintiff could avoid his express contract and recover upon a *quantum meruit*. If this ruling was correct, the accompanying instructions were sufficiently favorable

to the defendants. In *Moses* v. *Stevens*, 2 Pick. 332, the subject was carefully considered, and the court held that a special contract by a minor for his services was voidable, and that, upon avoiding it, he might maintain an action upon a *quantum meruit*, and recover a reasonable compensation for his services, as though no such contract had been made. In *Stone* v. *Dennison*, 13 Pick. 1, the minor, with the concurrence of his guardian, had made a contract to remain in the service of the defendant until he should arrive at the age of twenty-one years, for his board, clothing and education. The court held that the case was not within the general rule, that a minor cannot bind himself by his contracts, for want of legal capacity, but that the contract was for necessaries, and being shown to be beneficial to the minor, he could not avoid it after it was fully executed on both sides. In *Vent* v. *Osgood*, 19 Pick. 572, it was held that the contract of a minor to perform a whaling voyage was voidable, that it was avoided by his desertion during the voyage, and that he could recover a *quantum meruit* for his services.

The case at bar falls within the principle of *Moses* v. *Stevens*. The contract which the defendants seek to make binding upon the plaintiff is merely an executory contract for the plaintiff's services. The law gives him the privilege of judging whether it is beneficial or not, and of avoiding it if he so elect. Having avoided it he is entitled to recover a *quantum meruit*, in the same manner as if he had worked for the defendants without any contract between them.

The defendants rely upon the case of *Breed* v. *Judd*, 1 Gray, 455. But that case is entirely unlike the case at bar. The substance of the contract was that the defendants were to furnish an outfit to the plaintiff to go to California ; that the plaintiff was to furnish his labor and time ; and that of the fruits of the enterprise two thirds were to belong to the plaintiff and one third to the defendants. The contract was fully executed on both sides ; the plaintiff had sent forty-two ounces of gold dust to the defendants, being one third of the avails of his labor, and, after he became of age, he brought this suit to recover the value of said gold dust less the amount of the outfits expended on his account.

The court considered that the plaintiff, under the privilege of infancy, could have avoided his contract while it remained executory, but decided that the effect of avoiding it after it was executed, was not to change the relations of the parties, and to enable him to recover of the defendants as his own the third part which had vested in them as their proportion of the joint adventure. The contract was shown to be a beneficial one. Whether, if it had been a hard one, he could recover such share of the proceeds as would be a reasonable compensation for his labor, did not arise, and was not considered.

Upon the whole, a majority of the court is of opinion that the rulings of the presiding judge in this case were correct.

*Exceptions overruled.*