37   605
50   148

JOHN F. BARR, Respondent, v. HENRY BLOMBERG, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1.   Justices' Courts : CHANGE OF VENUE : TRANSCRIPT : DOCKET. On change of venue in a justice's court it should appear by the transcript of the justice before whom the cause originated, if not also in the docket of the justice to whom the case is sent, that there was a change of venue, and the original papers should be sent with the transcript.

Barr v. Blomberg.

2. ——— : ORIGINAL ACCOUNT : DISMISSAL. Where on appeal to the circuit court from the judgment of Justice L. the account sued on does not appear among the papers, it is error to permit the filing of an account shown to have been filed before Justice B. when there is nothing in the record showing any connection between Justice B. and Justice L., and defendant's motion to dismiss should have been sustained.

*Appeal from the Mercer Circuit Court.*—HON. GEO. T. WHITE, Special Judge.

REVERSED AND REMANDED, (*with directions to dismiss*).

*W. S. Pope* and *T. B. Robinson*, for the appellant.

No account or statement of cause of action was filed with the justice who tried the case, and, as far as the record discloses, it was an original suit before him. R. S., sec. 2851.    Revised Statutes, section 2852, provide for a dismissal of the suit if no statement be filed before the justice.  *Peddicord v. Railroad*, 85 Mo. 162. · After an appeal from a justice and the transcript is filed no amendment can be made. · *Horton v. Railroad*, 21 Mo. App. 148; *Norton v. Porter*, 63 Mo. 345.

*James E. Hazel* and *E. C. Swallow*, for the respondent.

(1)   Although there may have been error before the justice in reference to the change of venue, manner of trial, rendition of verdict and judgment, yet upon an appeal to the circuit court it becomes possessed of the cause, and a trial *de novo* ensues, without regard to such errors. Revised Statutes, 1879, section 3052; *Rohrbough, Moore & Co. v. Reed Bros.*, 57 Mo. 292.   Jurisdictional defects may be cured by amendment in the circuit court.   *Vaughan v. Railroad*, 17 Mo. App. 4.   (2) In furtherance of justice our courts have held, time and again, that the name of a party could be changed, and that new parties could be brought in.  *Hause v. Duncan*,

50 Mo. 453; *Beatty & Weakley v. Hill*, 60 Mo. 72. That you could amend from a stated to an open account. *Newburger v. Friede*, 23 Mo. App. 631; *Hanson v. Jones*, 20 Mo. App. 595; *Cullom v. Cundiff*, 20 Mo. 522; *Hanson v. Jones*, 20 Mo. App. 595; *Eubank v. Pope, Lockwood & Co.*, 27 Mo. App. 463; *Allen v. McMonagle*, 77 Mo. 478. (3) On a trial of the merits in the circuit court, the defendant admitted that plaintiff performed labor for him, and the evidence discloses that the only question was the value of such labor per day. Therefore it seems to us that the appellate court must find from the record that none of the errors complained of influenced the result in favor of the plaintiff, and hence the judgment should be affirmed. *Newburger v. Friede*, 23 Mo. App. 631; *Hanson v. Jones*, 20 Mo. App. 595. (4) The case of *Peddicord v. The Missouri Railway Company*, in 85 Mo., does not decide the questions raised by the record.

ELLISON, J.—This case involving so trifling an amount has found its way to this court on defendant's appeal. The first record entry of it is this:

"Transcript of W. M. Lawson, docket.

"Change of venue from W. Z. Burton, J. P., in a case wherein John F. Barr, plaintiff, v. Henry Blomberg, defendant.

"Plaintiff filed October 10, A. D. 1887, account against the defendant for one and one-half days' labor rendered threshing wheat, and orders a summons to issue, which is done and delivered to the constable and made returnable on the twenty-first day of October, A. D. 1889.

"W. M. LAWSON, J. P."

There was a verdict in justice's court for plaintiff, and the defendant appealed to the circuit court where plaintiff again obtained judgment.

The account stated to have been filed was not among the papers, but the court permitted to be filed, as the

account in suit, an account appearing to have been filed before W. Z. Burton, J. P., September 20, 1887. It was upon an amendment of this that the case was tried. There is nothing in the record showing any connection between Burton, J. P., and the justice who tried the cause.

The only place that Burton appears is at the heading of Justice Lawson's docket merely reciting "Change of venue from W. Z. Burton, J. P." There is no statement of the change of venue in the transcript, nor is there any transcript whatever from Burton. If the cause was before Lawson on change of venue, when a question like the one before us is raised, it should appear by the transcript of the justice before whom the cause originated, if not also in the docket of the justice to whom the case is sent, that there was a change of venue. And the original papers should be sent with a transcript of the proceedings to the justice before whom the case has been sent. R. S. 1879, secs. 2592, 2593. If we should concede that the requirement of this statute was waived by the voluntary appearance of the parties, we would then be compelled to look upon the action as though it originated before Lawson, for there is nothing in the record to show us to the contrary. If it originated before Lawson there was no account filed with him as is required by sections 2851, 2852, and therefore nothing to amend, and under authority of *Peddicord v. Railroad*, 85 Mo. 160, defendant's motion to dismiss should have been sustained. The account which the circuit court permitted Burton to supply seems, on its face, not to have been the same upon which Lawson tried the case, for while Lawson's docket states an account was filed October 10, the account received from Burton was endorsed by him as filed September 20.

The judgment is reversed, and the cause is remanded with directions that the circuit court dismiss the same. All concur.