FRANK THOMPSON by Next Friend, Respondent, v. DAVID MARSHALL, Appellant.

Kansas City Court of Appeals, April 16, 1892.

1.  Change of Venue: UNTIMELY APPLICATION. An application for a change of venue based on information coming to the applicant since the last term should be made on the first day of the term, and not on the second day.

2. **Justices' Courts:** FILING CAUSE OF ACTION. If an account is lodged with a justice, and is sent with the papers on appeal, that is sufficient, though no filing was indorsed thereon.

3. **Contracts:** MINOR'S AVOIDING: QUANTUM MERUIT. A minor can avoid his contract and recover in a *quantum meruit*.

4. **Parent and Child:** MINOR'S RIGHT TO RECOVER. The testimony in this case showed the child's right to recover, notwithstanding the presumption in favor of the parent.

*Appeal from the Gentry Circuit Court.*—HON. GEO. W. SHOEMAKER, Special Judge.

AFFIRMED.

*Johnson & Wilson,* for appellant.

(1) Defendant's motion for a change of venue should have been sustained. The notice was sufficient. *Reed v. State,* 11 Mo. 380; *Corpenny v. Sedalia,* 57 Mo. 88; *Dowling v. Allen,* 88 Mo. 293. (2) Defendant's motion to dismiss for the reason that the court had no jurisdiction of the case, or the parties thereto, no account or statement having been filed with the justice or returned with the transcript into the circuit court, should have been sustained. *Gideon v. Hughes,* 21 Mo. App. 528; *McQuoid v. Lamb,* 19 Mo. App. 153; *Barr v. Blomberg,* 37 Mo. App. 605. (3) Defendant's third instruction should have been given. *Squier v. Hydliff,* 9 Mich. 274; *Spicer v. Earle,* 41 Mich. 191. (4) Defendant's demurrer to the plaintiff's evidence should have been sustained. Under the evidence of plaintiff he was not the proper party to maintain the suit. Schouler on Domestic Relations, secs. 267, 267a; Wood on Master & Servant [2 Ed.] sec. 30; *Soldanels v. Railroad,* 23 Mo. App. 521.

*J. W. Sullinger* and *J. W. Witten*, for respondent.

(1) Defendant's motion for a change of venue was properly overruled. "No notice was given at all; a notice given on the fourth day of March 'that application for change of venue will be made on the fifth day of March' is no notice of an application made on the third day of March." The application was clearly out of time, and no excuse was offered for delay. The court exercised a sound discretion in overruling the motion. *Smith v. Railroad*, 31 Mo. App. 140; R. S., secs. 2260–2262; *Lewen v. Dille*, 17 Mo. 64; *Byrne v. Schools*, 12 Mo. 403; *Golden v. State*, 13 Mo. 417; *State ex rel. v. Lubke*, 29 Mo. App. 555; *State v. Matlock*, 72 Mo. 455; *Wolf v. Ward*, 104 Mo. 145. (2) Defendant's motion to dismiss for the reason that the court had no jurisdiction of the case, or the parties thereto, was properly overruled. A glance at the record will show the fallacy of appellant's contention. All the requirements suggested in *Gideon v. Hughes*, 12 Mo. App. 528, and *McQuoid v. Lamb*, 19 Mo. App. 153, cited by appellant, are complied with in the justice's transcript. (3) Defendant's third instruction is not the law. 1 Bouvier's Law Dictionary, tit., infants; *Lowe v. Sinklear*, 27 Mo. 308; 2 Kent's Commentaries, 236; 2 Henry Blackstone's Reports, 511. (4) Defendant's demurrer to plaintiff's evidence was properly overruled. *Dierken v. Hess*, 54 Mo. 246; *Ream v. Watkins*, 27 Mo. 516.

ELLISON, J.—This action was instituted before a justice of the peace at the instance of a minor, and is for work and labor performed by the minor. He recovered before the justice and again in the circuit court. Defendant appeals.

In the circuit court there was a motion for change of venue filed at the second term of the circuit court after the appeal, alleging as ground therefor the prejudice of the circuit judge and the inhabitants of Gentry county. The court granted the change as to the first cause, and, refusing to proceed further, George W. Shoemaker, Esq., an attorney-at-law, was elected by the bar as special judge. The application for change of venue from Gentry county then coming on for hearing was overruled. In this there was no error. Passing by the question raised as to the sufficiency of the notice, the application itself is insufficient. It was made the second day of the second term of court on account of information coming to him "since the December term." The application should have been made on the first day of the term. R. S. 1889, sec. 2260.

Defendant attacked the jurisdiction of the circuit court for the alleged reason that no account of plaintiff's cause of action was filed with the justice. The account was lodged with the justice, and, though no filing was indorsed thereon, that fact will not affect the jurisdiction of the justice. On appeal this account was sent up with the papers. This was sufficient under the case of *Olin v. Zigler*, 46 Mo. App. 193. The case of *Bar v. Blomberg*, 37 Mo. App. 605, and other cases cited are not applicable.

Plaintiff, being a minor, could avoid his contract to receive a certain price for his labor and recover on a *quantum meruit*. *Lowe v. Sinklear*, 27 Mo. 308. Defendant's third instruction was, therefore, properly refused.

The case amply shows plaintiff's right to maintain this suit instead of his mother. Whatever presumption would exist as to the right of the mother is overcome by the direct testimony in the cause.

Other objections urged here are not well grounded. The case was well tried and resulted for the right party. The judgment is, therefore, affirmed. All concur.