TOWER-DOYLE COMMISSION COMPANY, Respondents, v. J. T. SMITH, Appellant.

**Kansas City Court of Appeals, December 17, 1900.**

1. Contracts: RESCISSION BY INFANT: RETURN OF CONSIDERATION: QUANTUM MERUIT. An infant on becoming of age may repudiate his contract but he must return the consideration, if he have it; if he has it not, he may nevertheless repudiate the contract; and if the contract relates to personal services, the infant may recover on *quantum meruit*.

2. ———: ———: ———: ———: LIEN: REPLEVIN. Plaintiff sold defendant, an infant, some steers. Defendant tended and fed them for sometime and then on becoming of age rescinded the contract and offered to return on payment of his services and feed. Held, he was entitled to recover the reasonable value of his services and feed with a lien on the steers therefor.

Tower-Doyle Com. Co. v. Smith.

Appeal from the Cass Circuit Court.—*Hon. William L. Jarrott,* Judge.

REVERSED AND REMANDED.

*Crouch & Houston* and *Givan & Glenn* for appellant.

(1) An infant may disaffirm a note and chattel mortgage executed by him to secure same. Stotts v. Leonhard, 40 Mo. App. 336; Miller v. Smith, 26 Minn, 248; s. c., 37 Am. Rep. 407; Corey v. Burton, 32 Mich. 30; Chapin v. Shafer, 49 N. Y. 411. (2) An infant may recover a reasonable compensation for work by him, though he has avoided the contract in reference thereto. Lowe v. Sinklear, 27 Mo. 308; Dube v. Beaudry, 150 Mass. 448; s. c., 15 Am. St. 228; Morse v. Ely, 154 Mass. 458; s. c., 26 Am. St. 263. (3) The minor having avoided his contract may recover on a *quantum meruit* for services rendered and materials furnished in connection therewith in the same manner as if he had worked without any express contract, on the theory that there is no express contract. Thompson v. Marshall, 50 Mo. App. 145; Lowe v. Sinklear, 27 Mo. 308; Gaffney v. Hayden, 110 Mass. 137; 14 Am. Rep. 580; Whitmarsh v. Hall, 3 Den. (N. Y.) 375; Widrig v. Taggart, 51 Mich. 103; Judkins v. Walkers, 17 Maine 38; 35 Am. Dec. 229; Medbury v. Watrous, 7 Hill (N. Y.) 110. (4) It is not necessary that the other party should be placed in *statu quo.* Craig v. Van Bebber, 100 Mo. 584; Dill v. Bowen, 54 Ind. 210; House v. Alexander, 105 Ind. 109; s. c., 55 Am. Rep. 189; Corey v. Burton, 32 Mich. 30; Miller v. Smith, 26 Minn. 248; s. c., 37 Am. Rep. 407; Dube v. Beaudry, 150 Mass. 448; s. c., 15 Am. St. Rep. 228; Morse v. Ely, 26 Am. St. Rep. 263; s. c., 154 Mass. 458. (5) Defendant has a lien. R. S. 1899, sec. 4228.

Tower-Doyle Com. Co. v. Smith.

*Geo B. Strother* and *Elijah Robinson* for respondent.

(1) The rule which comes the nearest to being the general rule is, that all considerations which remain in the infant's possession upon his reaching majority (or at the time of an attempted disaffirmance in case he is still under age), must be returned. In fact this is the universal rule, without any exception, in all the states. This is the rule in New York (see Dickerson v. Gordon, 24 N. Y. S. R. 448). It is the same in Alabama (Manning v Johnson, 26 Ala. 446). In Nebraska the court said that the infant, in order to rescind, must return what remains in his possession. Bloomer v. Nolan, 36 Neb. 51 ; Petrie v. Williams, 68 Hun. 589 ; Jackson v. Brown, 76 Hun. 41 ; Abernathy v. Phillips, 82 Va. 769 ; Jenkins v. Jenkins, 12 Iowa 195 ; Brantley v. Wolf, 60 Miss. 420 ; Green v. Green, 69 N. Y. 553. (2) The infant can not retain the consideration and repudiate the contract. It was so held in Bennett v. McLaughlin, 13 Ill. App. 349 ; Hamblet v. Hamblet, 6 N. H. 339 ; Burgett v. Barrick, 25 Kan. 527 ; Lowry v. Drake, 1 Dana. 46 ; Gillespie v. Bailey, 12 W. Va. 70 ; Harvey v. Briggs, 68 Miss. 60 ; Bedinger v. Wharton, 28 Gratt. 857 ; Kitchen v. Lee, 11 Paige, 107 ; s. c., 42 Am. Dec. 101 ; Thomasson v. Phillips, 73 Ga. 140 ; Roberts v. Wiggin, 1 N. H. 73. (3) In other words at the rescission of the contract the title to the undisposed-of property immediately reinvests itself in the other party. See the case of Skinner v. Maxwell, 66 N. C. 45. Also see the following authorities: Oecker v. Koehn, 21 Neb. 559 ; Bigelow v. Kinney, 3 Vt. 353 ; Hubbard v. Cummings, 1 Maine 11 ; Young v. McKee, 13 Mich. 552 ; Philpot v. Mfg. Co., 18 Neb. 54 ; Heath v. West, 28 N. H. 101 ; Curtiss v. McDougal, 26 Ohio St. 66 ; Richardson v. Boright, 9 Vt. 368 ; Knaggs v. Green, 48 Wis. 601.

ELLISON, J.—This is an action of replevin for a lot of

steers which were of proper age and condition for fattening. The plaintiff recovered judgment in the trial court.

It appears that plaintiff sold the cattle to defendant for $850, the latter executed his note due in four months to plaintiff together with a chattel mortgage on the cattle to secure the same. Defendant was an infant at the time of his purchase and the date of the note and mortgage. Plaintiff delivered the cattle to him and he fed them a lot of corn of the value of $450. His services in feeding and attending the cattle were of the value of $50. Defendant became of age shortly before the note became due; he then notified plaintiff that he rescinded the contract on account of infancy and offered to return the cattle to plaintiff upon payment to him of the value of the feed and services aforesaid, for which he claimed a lien. Plaintiff in turn offered to give up the note and mortgage and receive the cattle, but refused to pay for the feed and services.

The question for decision is, whether, under the foregoing facts, defendant is entitled to a lien?

The law grants the privilege to an infant, on becoming of age, to disaffirm a contract made by him while a minor. But to do so, he must return the consideration received, if he yet has it, or the fruits of it. If he has squandered it, or otherwise made way with it and can not return it, he may nevertheless repudiate the contract and the adult who contracted with him must suffer the loss. Craig v. Van Bebber, 100 Mo. 584; Price v. Furman, 27 Vt. 268. So he may avoid his special contract for personal services and recover on a *quantum meruit*. Lowe v. Sinklear, 27 Mo. 308; Thompson v. Marshall, 50 Mo. App. 145; Gaffney v. Hayden, 110 Mass. 137; Whitmark v. Hall, 3 Denio. 375; Widrig v. Taggart, 51 Mich. 103; Judkins v. Walker, 17 Maine 38; Medbury v. Watrous, 7 Hill 110; Price v. Furman, 27 Vt. 268.

We are of the opinion that the principle of the foregoing statements of the law is applicable to the facts of this case. It

was plaintiff's fault to put the cattle with defendant, who was incapable of contracting.    Plaintiff can not now be allowed to receive the benefit accruing without paying for it.    In theory of the law the infant can repudiate the contract for the reason that he has had put upon him an improvident bargain.    The adult should not be the gainer by this.    The contract of an infant, when repudiated by him, leaves the parties without a contract and the infant, therefore, has such rights as would exist had there been no contract.    In this case, plaintiff, in effect, turned over the possession of the cattle to defendant without a contract of sale and mortgage for the purchase money and defendant has fed and cared for them for plaintiff's benefit.    He is, therefore, entitled to a lien for this under the general statute (section 4228, Revised Statutes 1899), providing for liens where animals are boarded and cared for.    The judgment will be reversed and cause remanded.    All concur.