ROBERT SKINNER, by next friend, Respondent, v. W. A. YOUNG, Appellant.

Kansas City Court of Appeals, May 30, 1904.

1. **CONTRACTS: Performance: Recovery.** Where one fails to perform work according to stipulations of his agreement, he can not recover.

2. **———: Infancy: Abandonment: Quantum Meruit.** Where an infant's services are valuable to and accepted by the other party, the infant may recover the actual value of such services and abandoning his contract sue in *quantum meruit*.

3. **———: ———: ———: ———: Instruction.** But an infant can not abandon his contract and still sue and recover on it and an instruction is disapproved.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*West & Bresnehen* for appellant.

(1) One who abandons or repudiates his contract can not recover on the contract. This rule is so universal and elementary that no authorities need be cited in support thereof. When, however, an infant abandons or repudiates his contract, he may recover, not upon the contract but upon *quantum meruit*. Thompson v. Marshall, 50 Mo. App. 145; Com. Co. v. Smith, 86 Mo. App. 490; Lowe v. Sinklear, 27 Mo. 308; 16 Am. and Eng. Ency. of Law (2 Ed.), 290. (2) This is a suit in conversion for the value of that part of the corn which plaintiff would have earned had he performed his contract by completing the cultivation of the corn and cribbing it. Without completing the cultivation, and when it was about to be taken with weeds, he abandoned his

contract and voluntarily sold out to the defendant. Under these circumstances, if the authorities above cited are the law, he can not recover. (3) Instruction No. 1 (the only instruction given on the merits) is a legal curio. It tells the jury how they may fix the amount of a verdict for plaintiff, provided they find for him, but wholly fails to inform the jury as to what facts will authorize them in finding for either party. The trouble with this instruction is, that it does not instruct.

*A. A. Bailey* for respondent.

(1)    The authorities cited by appellant to the effect that an infant who rescinds a contract can not recover on the contract do not apply to this case, because the original contract to raise the corn crop was not rescinded by respondent, but he did rescind the sale of his interest in the crop to appellant, and when the sale was rescinded it left respondent still owning his interest in the crop, for the value of which he sues. Downing v. Stone, 47 Mo. App. 144. (2)    Where there is no dispute as to the facts a peremptory instruction should be given. Mosby v. Com. Co., 91 Mo. App. 500; Kingsbury v. St. Joseph, 94 Mo. App. 298.

SMITH, P. J.—The plaintiff, a minor about eighteen years of age, entered into a contract with the defendant whereby the former agreed to break, plant and cultivate thirty-five acres of land, the property of the latter, in corn and for which such former was to have one-fourth of the corn so produced. The plaintiff broke up the land and planted and partly cultivated it. During the season when the corn was much in weeds and requiring cultivation, the plaintiff became discouraged and signified an intention and purpose to abandon the further cultivation of it. He offered to sell out his interest in it to defendant for $25 and which offer was by the latter accepted, and the $25 paid accordingly. The

defendant thereafter, with labor employed by him, completed the cultivation of the crop, which made a good yield.

Some months later on, the stepfather of the plaintiff—his next friend in this action—tendered the defendant the $25 which had been paid to plaintiff, and notified defendant not to gather the crop. But notwithstanding this the latter gathered it, the quantity being about 400 bushels. The plaintiff brought this action before a justice of the peace to recover damages against defendant for the wrongful conversion of the one-fourth of the corn grown on the thirty-five acres of land. The cause was removed to the circuit court by appeal where plaintiff had judgment for $24.50 and from which defendant appealed.

If the plaintiff had any right, title or interest in the corn produced on defendant's thirty-five acres of land it originated in the contract entered into between the plaintiff and defendant. Without resort to it the plaintiff can show no interest in such corn. The contract was that by which the defendant agreed to give the plaintiff one-fourth of the crop of corn that should be produced on the land of the former by the work and labor of the latter. Upon the conceded facts of the case, plaintiff if not under the disability of infancy could not recover on the contract, for it is a well-established rule that where one fails to perform work according to the stipulations of his agreement he can not recover. Eyerman v. Cemetery Assn., 61 Mo. 489; Yeats v. Ballentine, 56 Mo. 530.

And the infant where services rendered by him are valuable to and accepted by the other party, may recover the actual value of such services. He may abandon his contract and sue and recover, not on the contract but on *quantum meruit*. Thompson v. Marshall, 50 Mo. App. 145; Tower-Doyle Com. Co. v. Smith, 86 Mo. App. 490; Lowe v. Sinklear, 27 Mo. 308. When plaintiff declined to complete the culture of the corn accord-

ing to the contract when he offered to receive and did receive the $25 as the value of the services rendered by him in its cultivation, this was in effect an abandonment or rescission of the contract. He could not sue and recover on the contract thus abandoned and rescinded. He had the right to avoid the contract and to recover the reasonable compensation for the work performed. Instead of doing this, he sued on the contract, alleging and proving as a breach thereof the failure of the defendant to deliver to him one-fourth of the corn, etc. The plaintiff's instruction telling the jury that plaintiff was entitled to recover one-fourth of the value of the corn, less the value of the defendant's work in the cultivation of it, and the amount of $25 paid by defendant to plaintiff was in effect authorizing a recovery on the contract which the law does not sanction. Notwithstanding the plaintiff abandoned his contract, he could, had he elected to do so, still have brought his action for the reasonable value of the work done for defendant in and about the planting and cultivation of the corn crop if it had not already been paid to him, but certainly he can not recover on the contract the value of "one-fourth interest in the crop" after it was harvested by defendant. The defendant's third and fourth instructions should therefore have been given, and that of plaintiff refused.

The judgment will be reversed and the cause remanded. All concur.