SULLIVAN, Justice,
concurring in result.
I would refrain from holding that any privilege is “absolute.” All privileges are subject to waiver by voluntary disclosure, see Ind. Evidence Rule 501(b), and when used offensively rather than defensively— as a “sword rather than a shield,” Harney v. Owen, 4 Blackf. 337, 338 (Ind.1837) (quoting Badger v. Phinney, 15 Mass. 359, 363 (1819)). And, of course, privileges are subject to constitutional limitations. See State v. Fromme (In re Subpoena to Crisis Connection, Inc.), 949 N.E.2d 789, 795 (Ind.2011).
In this case, I do not think it is necessary to rule on the privilege issue at all because the information IBM seeks is not relevant or material to any issue in the case. See Ind. Trial Rule 26(B) (discovery limited to matters “relevant to the subject-matter involved in the pending action”). Here the State seeks damages from IBM alleging breach of contract and that IBM provided false information to procure the contract; IBM seeks fees it claims the State owes under the contract and reimbursement for equipment it claims that the State improperly has retained. IBM says that “the Governor’s statements regarding his assessment of IBM’s performance bear directly on the merits of the State’s claim of breach and demand for damages, and the State’s other claims directly put the Governor’s state of mind at issue.” Appel-lee’s Resp. Br. 9. This is not correct. Neither the Governor’s “assessment of IBM’s performance” nor his “state of mind” bear in any way on whether or not IBM breached the contract or the State owes IBM fees or reimbursement. See Vernon Fire & Cas. Ins. Co. v. Sharp, 264 Ind. 599, 607-08, 349 N.E.2d 173, 180 (1976) (“[A] promisor’s motive for breaching his contract is generally regarded as irrelevant because the promissee will be compensated for all damages proximately resulting from the promisor’s breach.” (citations omitted)). To the extent that the Governor has information that might be relevant to whether or not IBM provided false information to the State, he is certainly not a unique witness in that regard — there was *213 a competitive procurement for this contract where all of the information IBM provided would have been in the bid documents. See State v. Cline (In re WTHR-TV), 693 N.E.2d 1, 7 (Ind.1998) (materiality of evidence “embraces also an evaluation of not only theoretical relevance, but also the availability of the information from other sources”).
Because Governor Daniels’s testimony is not relevant or material to any issue in this case, I concur in the result of the Court’s opinion.